### PRY ET AL. *v.* RAMAGE.

[No. 21,901. Filed November 15, 1911.]

1. APPEAL.—*Briefs.*—*Omission of Questioned Pleadings.*—Appellants' failure to set out in their brief in words or in substance the questioned complaint, or their demurrer thereto, waives any question thereon. p. 447.

2. APPEAL.—*Briefs.*—*Amendments.*—Where appellee's brief properly questions the sufficiency of appellants' brief in setting out the questioned pleadings, appellants' failure to secure permission to amend, or their failure to amend their brief is fatal to any question on such pleadings. p. 448.

3. APPEAL.—*Dismissal.*—An appeal will be dismissed where no question is properly presented. p. 448.

From Blackford Circuit Court; *Charles E. Sturgis,* Judge.

Action by Sarah A. Pry and others against Samuel Y. Ramage. From a judgment for defendant, plaintiffs appeal. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Appeal dismissed.*

*Jay A. Hindman,* for appellants.
*Simmons & Dailey,* for appellee.

JORDAN, C. J.—This action was commenced by appellants in the Grant Superior Court, to recover from appellee upon a certain gas lease. Subsequently the cause was venued to the Blackford Circuit Court. We are informed by appel-

lants' brief that the original complaint contained three paragraphs, and that a demurrer was sustained to each of these. Subsequently, upon leave, an amended first paragraph of complaint was filed, and to this paragraph a demurrer was also sustained, to which rulings the plaintiffs excepted, and upon their refusal to plead further, judgment was rendered for defendant upon the demurrer. The only rulings 1. of the lower court, upon which appellants base their grounds for reversal, relate to the sustaining of the demurrer to each paragraph of the complaint,

In appellee's brief, filed July 20, 1909, he contends that since appellants have failed to comply with the provisions of rule twenty-two of the Supreme and Appellate Courts, therefore the alleged errors of which they complain have been waived, and should not be considered. An examination of appellants' brief verifies this contention as to the noncompliance with rule twenty-two. Neither paragraph of the complaint, to which the demurrer in the lower court was sustained, is set out in appellants' brief in full nor in substance. From their brief we are unable to determine whether the paragraphs in question omit material allegations, or contain sufficient averment of facts enabling them or either of them to withstand a demurrer, and this question can be ascertained by the court only by resorting to the record. Counsel for appellants do not advise us in their brief whether the grounds assigned in the demurrer sustained to the paragraphs in question were for want of facts or for some other reason. Under rule twenty-two, the demurrer should have been set out in the brief, or a statement made therein to show that it was for want of facts, or other grounds, as the case might be. While under rule twenty-two appellants were not required to set out the demurrer in full, nevertheless, they were required to state in their brief the ground or grounds thereof. This they failed to do.

The reason for the requirement of rule twenty-two, in respect to the preparation of briefs in a case, has frequently

been given in decisions of this court. In the case of *Schreiber* v. *Worm* (1904), 164 Ind. 7, 10, this court said: ''The reason and purpose of the rule is to enable each of the five judges of the court to examine every question presented in each case, and to form an opinion upon it without removing the record from the hands of the judge to whom it has been distributed. When the rule was adopted, it was believed that it would insure a thorough and satisfactory investigation of every case by all the judges, and, where briefs are carefully prepared in accordance with its requirements, the results have been found fully commensurate with the benefits anticipated when the rule was adopted.''

Appellants were notified by appellee, in his brief filed on July 20, 1909, of their neglect to comply with rule twenty-two in the preparation of their brief. They, however, made no application to the court for leave to amend their brief in order to make it conform to said rule. The failure of appellants to comply with the requirements of said rule, operates to dismiss their appeal. Appeal dismissed.