### Davis *v.* State of Indiana.

[No. 23,728.   Filed October 8, 1920.]

1. CRIMINAL LAW.—*Record.—Control.—Correction.—Certiorari.*— Since a transcript upon its filing in the Supreme Court becomes a part of the records and subject to the control of the court, an appellant desiring to have it corrected should apply for a writ of *certiorari.* p. 465.

2. CRIMINAL LAW.—*Record.—Certiorari.—Necessity of Notice.*— Notice to the opposite party is not required in applying to the Supreme Court for a writ of *certiorari* if the cause has not been submitted, but after submission a ten days' notice is required. p. 466.

3. COURTS.—*Rules of Court.—Judicial Function.*—It is an inherent judicial function in courts of last resort to make rules governing the conduct of counsel and the care of the court's records; hence, §3, Acts 1917 p. 523, §691c Burns' Supp. 1918, is void, as an interference with this function. p. 466.

4. CRIMINAL LAW.—*Record.—Change Without Consent.—Effect.*— A change made in a transcript by the clerk of the trial court,

at the instance of the appellant's counsel, who obtained the transcript from the clerk on appeal by filing a statement pursuant to §3, Acts 1917 p. 523, §691c Burns' Supp. 1918, is but a mutilation of the record and may not be recognized to determine any question arising on a motion for new trial. p. 467.

From Marion Criminal Court (49,306); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Sherman T. Davis. From a judgment of conviction, the defendant appeals. *Affirmed.*

*W. E. Henderson,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

TOWNSEND, J.—Appellant was tried by a jury and convicted of a violation of the liquor laws. The errors assigned are: (1) The overruling of his motion for a new trial; (2) the overruling of his motion in arrest of judgment.

The transcript was filed in this court on February 18, 1920, and the cause stood submitted at once under Rule 19. Appellant's original briefs were filed May 5, 1920, and the state's briefs were filed July 21, 1920.

The state in its original brief pointed out that the motion for a new trial had been filed too late. Thereupon, on July 27, 1920, appellant filed a statement with the clerk of this court, pursuant to §3 of chapter 143, Acts 1917, §691c Burns' Supp. 1918, and took the transcript back to the clerk of the lower court for correction. This was done without asking leave of this court and without notice to the appellee.

When a transcript is filed here it becomes a part of the records, and is under the control of the court.
1. If appellant discovers that it should be corrected, he may, under Rule 34, apply to the court for a writ of *certiorari,* and this may be

2.   done without notice to the opposite party, if the cause has not been submitted. After submission it may be done by giving ten days' notice to the opposing counsel.

It is a judicial function that inheres in courts of last resort to make rules governing the conduct of counsel and the care of the court's records. The

3.   legislature can no more be permitted to interfere with this function than the court could be permitted to interfere with the custody or the form of legislative journals. Section 3, chapter 143, Acts 1917, *supra,* is void.

In *Johnson* v. *Gebhauer* (1902), 159 Ind. 271, 274, 64 N. E. 855, 856, it was said: "The records of a court are subject to its own control, and when jurisdiction has attached they may not be diminished or altered without the consent of the court in which the cause is pending, excepting only where such change is directed by some superior or appellate court authorized by law to make such order. This freedom from interference or control by other departments of the government is essential to the independence of the judicial branch thereof. The legislature has no more authority to alter the records of a court than has a court to change the journal of legislative proceedings. Such exclusive control over its records is an important function of the judicial authority, and it cannot be exercised either by the legislative or the executive department of the State. Const., Art. 3, §1." See, also, *Parkison* v. *Thompson* (1905), 164 Ind. 609, 626, 627, 73 N. E. 109, 3 Ann. Cas. 677, and authorities there cited.

We have previously had occasion to refer to chapter 143, Acts 1917, *supra,* on the subject of briefing,

and have called the attention of the profession to the fact that the legislature could not be permitted to repeal the rules of the court. *Solimeto* v. *State* (1919), 188 Ind. 170, 122 N. E. 578; *Advisory Board, etc.* v. *State, ex rel.* (1919), 188 Ind. 331, 123 N. E. 108.

4. The change made in the transcript by the clerk of the lower court, at the instance of counsel, is but a mutilation of the record, and cannot be recognized to decide any question arising on motion for a new trial.

The next error relied on by appellant for reversal is the overruling of his motion in arrest of judgment. He points out no defect in the affidavit, and presents no authority thereon; but seeks to present that which would properly come under a motion for a new trial.

Judgment of the trial court is affirmed.

Ewbank, J., not participating.