## M. W. Simpson Lumber Company *v.* Harmon et al.

[No. 11,248. Filed March 7, 1922.]

1. Appeal.—*Questions Reviewable.*—*Motion to Dismiss.*—*Waiver by Petition for Extension of Time.*—Where appellees, as required by the rules of court, stated in their petition for an extension of time within which to file their brief that the brief would be upon the merits of the cause and that no motion to dismiss the appeal would be filed, they waived any right to thereafter file such a motion. p. 660.

2. Judgment.—*Motion to Arrest.*—*Filing after Entry of Judgment.*—*Re-entry of Judgment.*—Where the trial court rendered judgment, and it was never set aside or annulled, nor was there ever any motion filed seeking such action, a judgment subsequently entered was a nullity, and a motion in arrest of judgment filed subsequently to the first judgment was too late. p. 660.

3. Appeal.—*Matters Reviewable.*—*Consideration of Evidence.*—*Failure to Incorporate Bill of Exceptions into Record.*—In the absence from the record of a bill of exceptions containing the evidence, questions necessitating a consideration of the evidence cannot be reviewed on appeal. p. 661.

4. Exceptions, Bill of.—*Filing.*—*Extension of Time Beyond Term.*—*Grant of Time.*—An extension of time beyond the term within which to file a bill of exceptions containing the evidence must be granted when the motion for new trial is overruled in order to make the evidence part of the record. p. 661.

From Clay Circuit Court; *Thomas W. Hutchison,* Judge.

Action by Calvin Harmon and others against the M. W. Simpson Lumber Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Harry R. Lewis, Charles B. Hunt, Rawley & Baumunk* and *W. F. Elliott,* for appellant.

*John W. Lindley* and *Charles H. Bedwell,* for appellees.

Enloe, J.—Appellees have moved to dismiss this appeal because of certain alleged defects in the assignment of errors, and for other reasons stated in said motion.

M. W. Simpson Lumber Co. *v.* Harmon—77 Ind. App. 659.

The transcript in this case was filed in the office of the clerk, August 13, 1921; the brief of appellant, upon the merits, was filed October 17, 1921; on December 9, 1921, the appellees herein filed their petition for an extension of time within which to file their brief, and expressly stated in said petition that the said "brief will be upon the merits of the cause, and *no motion to dismiss,* or dilatory motion will be made by appellees," and upon this showing, which was necessary under the rules of this court, an extension, as prayed, was granted to appellees. The facts stated in said petition amounted to a waiver of the matters now urged, and we cannot understand why counsel should now seek to present the matter. The motion to dismiss is overruled.

In the condition in which we find the record in this case a statement of the issues made in the lower court is unnecessary. After the issues were closed the cause was submitted to the court for trial. There was a finding for the appellees, followed immediately by a judgment in their favor, and against appellant, for the sum of $736 and costs. A few days later the appellant filed his motion for a new trial. This motion, filed at the January, 1921, term of said court, was carried over, undisposed of, to the March term of said court, and finally overruled on April 4, 1921, to which ruling appellant excepted. On April 11, 1921, appellant orally moved in arrest of judgment, which motion was then and there overruled, and appellant excepted. The court thereupon *again* entered judgment in favor of appellees and against appellant for $736 and costs, this last entry of judgment being in the same language as the judgment which had been previously entered in February, 1921. At the time said last judgment was entered appellant prayed an appeal to this court and time beyond term was given in which

to file appeal bond and bill of exceptions. The appeal bond and bill of exceptions were filed after the close of the term at which leave was granted.

The errors assigned are: (1) overruling motion in arrest of judgment; (2) overruling motion for a new trial.

It will be noted that a judgment in favor of the appellees was rendered herein at the January, 1921, term of said court and that said judgment was never set aside or annulled. The record does not disclose that any motion seeking such end was at any time filed. It continued in full force and effect and the action of the court on April 11, 1921, in again rendering a judgment, added nothing to the judgment so first rendered. It, not having been set aside or vacated, still remained in full force and effect. It being in force, the motion in arrest came too late, (*Smith* v. *State* [1895], 140 Ind. 343, 39 N. E. 1060), and the court did not err in overruling the same.

3. All the questions raised by appellant in its brief herein, under its motion for a new trial, necessitate a consideration of the evidence. If the bill of exceptions containing the evidence is not in the record we are debarred from considering the questions so presented.

4. In this case the motion for a new trial was overruled as shown by the record on the twenty-fifth day of the March term, 1921, of the court, and time (ninety days) in which to file a bill of exceptions was given on the *thirty-first day of said term.* This was too late, and the bill of exceptions, not having been presented and filed until during the next term of the court, is not in the record, and cannot be considered. *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657; *Home Stove Co.* v. *Bishop* (1918), 67 Ind. App. 276, 119 N. E. 152. Judgment affirmed.