SHAW v. UNION TRUST COMPANY OF INDIANAPOLIS.

[No. 24,042. Filed October 11, 1922.]

COURTS.— Constitutional Questions.— Jurisdiction of Supreme Court.—Statutes.—Under §1392, cl. 1, Burns' Supp. 1921, Acts 1915 p. 149, providing that all appeals involving the constitutionality of a statute shall be taken directly to the Supreme Court, the consideration of a question as to the constitutionality of a statute must be necessary to the decision of the appeal in order to give the Supreme Court jurisdiction for that reason.

From Marion Superior Court (A5,141); Solon J. Carter, Judge.

Action by James W. Shaw against the Union Trust Company of Indianapolis. From the judgment rendered, the former appeals to the Appellate Court, which transferred the case to the Supreme Court. Case transferred to the Appellate Court.

Alvah J. Rucker and Bynum & Bynum, for appellant.
Smith, Remster, Hornbrook & Smith and Paul Y. Davis, for appellee.

PER CURIAM.—This cause was appealed to the Appellate Court, and, on motion of appellant was transferred to this court, for the reason that certain "points"

in his brief, purporting to be sustained by authorities, challenge the constitutionality of §586 Burns 1914, §560 R. S. 1881, which forbids the granting of a new trial "on account of the smallness of the damages in actions for an injury to the person or reputation." But appellants' brief asserts in one of the "points," that— "Section 586, Burns 1914, forbidding a new trial on the ground of inadequate damages, is not controlling nor pertinent here. Appellant does not seek reversal * * * on the ground of inadequate damages, but on the ground of erroneous instructions which are shown to have been harmful." This statement is repeated in the "argument." And an examination of the brief shows that no effort has been made to array the evidence bearing most strongly against appellant, and to show what damages for injuries to his person were proved beyond dispute, but the alleged errors presented for consideration are the giving and refusal of instructions and the alleged insufficiency of the evidence to sustain the verdict. And all the discussion in the brief of the alleged unconstitutionality of §586 Burns 1914, *supra,* is under a point specifying error in giving an instruction, to which the section has no application.

Appellant sued for $10,000 for personal injuries and was awarded only $100. But since no question is presented on appeal under the specification in his motion for a new trial that "the damages assessed are inadequate," a decision of the constitutional question discussed in the briefs is not necessary to a decision of the appeal.

The consideration of a question as to the constitutionality of a statute must be necessary to the decision of the appeal in order to give the Supreme Court jurisdiction for that reason. §1392, cl. 1, Burns' Supp. 1921, Acts 1915 p. 149.

This cause is retransferred to the Appellate Court.