## SHAW *v.* UNION TRUST COMPANY OF INDIANAPOLIS.

[No. 11,577.   Filed February 1, 1923.]

1. EXCEPTIONS, BILL OF.— *Filing after Term.— Extension of Time.—Statutes.*—Under §656 Burns 1914, §626 R. S. 1881, providing that time may be given to reduce an exception to a decision to writing, but not beyond the term, unless by special leave of court, but where a motion for a new trial is filed, time may be given at the time of the ruling on such motion within which to reduce such exception to writing, a grant of time to a day beyond the term in which to file a bill of exceptions containing the evidence, to be effective, must be made, where a motion for new trial is filed, at the time of the ruling on such motion, and such grant made on a subsequent day is without authority and void.   p. 279.

2. COURTS.—*Decisions of Supreme Court.—Conclusiveness upon Appellate Court.*—The decisions of the Supreme Court constitute ruling precedents which the Appellate Court cannot ignore.   p. 279.

3. APPEAL.—*Record.—Technical Defects.—Omissions.—Failure to Make Bill of Exceptions Part of Record.—Statutes.*—Where appellant did not obtain leave to file a bill of exceptions containing the evidence after term at the time of the ruling on his motion for new trial, as required by §656 Burns 1914, §626 R. S. 1881, so that the evidence did not become part of the record, the failure to comply with such statute did not constitute a mere "technical defect, omission or uncertainty" in the record or transcript with the meaning of §691c Burns' Supp. 1918, Acts 1917 p. 523, providing that whenever the Supreme or Appellate court is satisfied from the examination of any record or transcript that it is genuine and can ascertain therefrom with reasonable certainty the questions sought to be presented on appeal, it shall have the right to hear and determine such questions notwithstanding any technical defect, omission or uncertainty in such record or transcript.   p. 280.

4. EXCEPTIONS, BILL OF.—*Making Part of Record.—Giving Time to File Bill after Ruling on Motion for New Trial.—Statutes.*—Where, at the time of overruling appellant's motion for new trial, the court failed to grant time for the tendering of the bill of exceptions, as required by §656 Burns 1914, §626 R. S. 1881, but four days later made an order granting such time, the evidence will not be deemed in the record under the rule that a cause remains *in fieri* until the end of the term at which the motion for a new trial is ruled upon, and that during such

term the court may alter, amend or set aside its former rulings, orders and judgments therein.  p. 283.

5.  EXCEPTIONS, BILL OF.—*Making Part of Record.*— *Granting Time to File Bill.—Power of Court.—Statutes.*—Where, at the time of overruling appellant's motion for a new trial, the court failed to grant time for the tendering of a bill of exceptions, as required by §656 Burns 1914, §626 R. S. 1881, an order granting such time made four days later cannot be given the effect of an amendment.  p. 283.

6.  APPEAL.—*Questions Reviewable.—Evidence not in Record.*— Where the evidence is not in the record, the court on appeal cannot determine any question relating to its sufficiency to sustain the verdict, or hold that the verdict is contrary to law. p. 283.

7.  TRIAL.—*Erroneous Instructions.—Cure by other Instructions.* —In an action for personal injuries, a statement in an instruction that the jury should not be influenced by the fact "that the defendant is a corporation and the plaintiff has been injured," was not objectionable as telling the jury that plaintiff was not entitled to recover damages, or that it should not consider his injuries in determining the amount of damages, where other instructions were given on the right of corporations to engage in business and that the jury should take into consideration, in estimating the damages, the nature and extent of plaintiff's injuries.  p. 284.

8.  APPEAL.—*Review.—Instructions.—Omission of Evidence from Record.*—Where the evidence is not in the record, an instruction which is correct under any supposable state of facts provable under the issues will not be held erroneous.  p. 285.

9.  APPEAL.—*Review.—Instructions.—Refusal.—Omission of Evidence from Record.*—In the absence of the evidence from the record reversible error cannot be predicated on an instruction which depends upon the evidence for support.  p. 286.

10.  APPEAL.—*Review.—Harmless Error.—Instructions.*—Error, if any, in instructions relating to issues determined in appellant's favor is harmless.  p. 286.

From Marion Superior Court (A5,141); *Solon J. Carter,* Judge.

Action by James W. Shaw against the Union Trust Company of Indianapolis.  From the judgment rendered, the plaintiff appeals.  *Affirmed.*

*Alvah J. Rucker* and *Bynum & Bynum,* for appellant.

*Charles Remster, Henry H. Hornbrook, Albert P. Smith* and *Paul Y. Davis,* for appellee.

BATMAN, J.—This is an action by appellant to recover damages for personal injuries, which he alleges he sustained by reason of the negligence of appellee. After issues were joined the cause was submitted to a jury for trial, resulting in a verdict and judgment against appellee for $100. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

We shall first determine whether appellee's contention that the evidence is not in the record, must be sustained, as most, if not all, of the questions, which

1, 2. appellant has attempted to present, depend thereon. Appellee, in support of this contention, cites the fact that the record shows that the bill of exceptions containing the evidence was not filed during the term at which the court ruled upon the motion for a new trial, and that no time was given in which to file the same until four days after such ruling. As this is a civil action, §656 Burns 1914, §626 R. S. 1881, must control. It provides as follows: "The party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court. * * * Provided, That if a motion for a new trial shall be filed in a cause in which such decision, so excepted to, is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may then be given by the court within which to reduce such exception to writing." It has been uniformly held, under this section, that a grant of time to a day beyond the term, in which to file a bill of exceptions containing the evidence, in order

to be effective, must be made at the time of ruling on such motion, and that such grant, made on a subsequent day, is without authority and void. *Citizens St. R. Co.* v. *Marvil* (1903), 161 Ind. 506, 67 N. E. 921; *Stremmel* v. *Gaar, Scott & Co.* (1911), 176 Ind. 600, 96 N. E. 703; *Bennett* v. *Root Furniture Co.* (1911), 176 Ind. 606, 96 N. E. 708; *Huntington Brewing Co.* v. *Miles* (1911), 177 Ind. 109, 96 N. E. 145; *Theobald* v. *Clapp* (1909), 43 Ind. App. 191, 87 N. E. 100; *Brown* v. *American Steel, etc., Co.* (1909), 43 Ind. App. 560, 88 N. E. 80; *Wilson* v. *Kester* (1915), 59 Ind. App. 471, 109 N. E. 744; *Home Stove Co.* v. *Bishop* (1918), 67 Ind. App. 276, 119 N. E. 152; *M. W. Simpson, etc., Co.* v. *Harmon* (1922), 77 Ind. App. 659, 134 N. E. 492; *Tozer, Admr.,* v. *Hobb's Estate* (1923), *ante* 258, 137 N. E. 715. The Supreme Court recently, in passing upon a like question under a very similar statute, being §2163 Burns 1914, Acts 1905 p. 584, §287, relating to criminal procedure, has made the same decision on the question under consideration, and has cited a number of the cases given above, with others of like effect, in support thereof. *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657; *Taylor* v. *State* (1921), 191 Ind. 200, 132 N. E. 294. Appellant urges that a different construction ought to be placed on the section of the statute quoted above, but we are not at liberty to do so, no matter how favorably we might be impressed with the argument advanced, as the decisions of the Supreme Court cited constitute ruling precedents, which we are not permitted to ignore.

Appellant contends that the alleged bill of exceptions containing the evidence is a part of the record, notwithstanding leave to file it after the term was not given until four days after the ruling on the motion for a new trial, by reason of the following provision of the Acts of 1917, which was in force at the

time: "Whenever the supreme or appellate court is satisfied from the examination of any record or transcript that the same is genuine and can ascertain therefrom with reasonable certainty the questions sought to be presented on appeal, it shall have the right to hear and determine such questions notwithstanding any technical defect, omission or uncertainty in such record or transcript." Acts 1917 p. 523, §691c Burns' Supp. 1918. He contends that his failure to comply with said §656 Burns 1914, *supra*, in the particular in question, is a mere "technical defect, omission or uncertainty," not in the transcript but in the record, within the meaning of that portion of the act of 1917 just quoted. In considering this contention, it should be borne in mind, that the evidence in a cause, although transcribed by the reporter, and certified by the trial judge, in such manner as to form a bill of exceptions, does not become a part of the record in a cause, until duly filed. If not so filed, as is affirmatively shown in the instant case, it never becomes a part of the record. It follows, therefore, that no omission is shown, and hence that part of the provision quoted above cannot apply. There is clearly no uncertainty in the record, with reference to the question under consideration, and hence there is no room for an application of that part of the provision. It only remains to be seen if the absence of the bill of exceptions containing the evidence is a "technical defect" in the record, within the meaning of said provision. It should be remembered that many things may go to make up a record, which is certified to this court on an appeal through a transcript. There may be a bill of exceptions containing the evidence, and others showing alleged misconduct of the judge, jury or counsel, if properly prepared and certified, and duly filed. In a jury trial, where instructions are given, they may be made a part of the record, if proper steps are taken, but none of

these are essential to its existence, since a record may be complete, and, when properly certified, may form the basis of an effective assignment of errors, in the absence of one or more of them. Hence, the mere fact that a party appealing has failed to take the necessary steps, to bring any one or more of these matters into the record, does not constitute a "technical defect" within the meaning of said provision. Moreover, it will be observed, that the requirement, as to the time of obtaining leave to file a bill of exceptions containing the evidence after term, is statutory. If we should hold that the provision of the act of 1917, quoted above, while in force, nullified said statutory requirement, we would be compelled to hold, to be consistent, that it also nullified the requirement, that such bill should be filed during the term, unless time beyond the term is given. And, if we should hold that both of such requirements had been nullified by the act of 1917, Acts 1917 p. 525, supra, we would be forced to hold, to remain consistent, that the provision of §587 Burns 1914, Acts 1897 p. 244, relating to the time in which a motion for a new trial must be filed, in order to become a part of the record, was also nullified thereby. Thus a party, desiring to appeal, would have a free hand in regard to filing his motion for a new trial, and his bill of exceptions containing the evidence, conditioned only, that he perfect his appeal in 180 days, as provided by §672 Burns 1914, Acts 1913 p. 65. While the provision of the act of 1917, Acts 1917 p. 525, supra, under consideration was, no doubt, intended to serve some useful purpose, we are not persuaded that it was intended to have the sweeping effect; which appellant's contention would imply. See the case of Davis v. State (1920), 189 Ind. 464, 128 N. E. 354, in which the court refused to consider questions presented under a motion for a new trial, not filed within the statutory period, although the court at that time

had before it the same section of the act of 1917, Acts 1917 p. 525, *supra,* in which the provision on which appellant relies appears, as is disclosed by the opinion. While the question we are now considering was not determined in that case, it is significant that the court, under the circumstances, did not apply the provision quoted above, if it has the effect for which appellant contends, where an individual's property, and possibly his liberty was involved. We are not unmindful that the section of the act of 1917, Acts 1917 p. 525, *supra,* containing the provision under consideration, required that it be given a liberal construction, but, nevertheless, for the reasons stated, we are not able to concur in appellant's contention, as to its effect.

Appellant also contends that the evidence is in the record under the rule, that a cause remains *in fieri,* until the end of the term at which the motion for a new trial is ruled upon, and that during such term the court may alter, amend or set aside, its former rulings, orders and judgments therein, and cites the case of *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122, with others. This rule, however, has no application in the instant case. The record discloses that the court overruled appellant's motion for a new trial on December 18, 1920, but fails to disclose that any time was granted to file a bill of exceptions until December 22, 1920. Appellant insists that the court's action on the latter date was merely an amendment of what it did on the prior date, but this insistence is not well grounded, as the record fails to show even a semblance of any such action at that time. The most that can be said in appellant's favor is, that the court on said latter date attempted to do something, which was not done on the former date, and thereby confer a right under said §656 Burns 1914, *supra,* but this cannot be said to alter or amend a former ruling, order or judgment, for

there had not been, theretofore, any action in regard to an extension of time beyond the term in which to file a bill of exceptions. It is possible, and quite probable, that the trial court in the instant case would have set aside its ruling on the motion for a new trial, on a proper showing, and thus enabled appellant to obtain an effective extension of time in which to file his bill of exceptions, but the record is silent in this regard. In this connection we venture to suggest, that as long as said §656 Burns 1914, *supra,* remains in its present form, with the present construction, as to when leave to file a bill of exceptions must be granted in order to be effective, courts should not hesitate to set aside rulings on motions for new trials, while causes remain *in fieri,* on proper showings as to excusable absence of counsel, when such rulings are made. We are forced to conclude that appellant's contention is not well taken, and, for the reasons stated, the evidence is not in the record. Therefore, we cannot determine any question, relating to its sufficiency to sustain the verdict, or hold that it is contrary to law, as appellant contends.

Appellant asserts that the following sentence found in instruction No. 9, given by the court on its own motion, rendered the same erroneous and harmful:

7. "In arriving at your verdict you are not to be influenced by the fact that the defendant is a corporation and the plaintiff has been injured." He contends, in effect, that by this sentence the court informed the jury that he was not entitled to recover any damages at all, or, at least, that it should not consider his injuries in determining the amount thereof. While the instruction is not as carefully drawn as it should have been to meet our unqualified approval, we cannot concur in appellant's contention. The court, in giving the same, was evidently attempting to lead the jury to

return a verdict, unaffected by any prejudice against appellee, because it was a corporation, or sympathy for appellant, because he had suffered an injury, as indicated by other portions thereof, which read as follows: "The law authorizes corporations to engage in business. It is your duty, as jurors, to honestly and fairly try this case, and decide the same according to the evidence, as it comes from the witness stand, and the law as given and explained to you by the court. You should, therefore, not be influenced in your duty, in any manner, either by passion, prejudice or sympathy." The substance of this instruction is frequently, and very properly, given on the trial of cases of a like nature, and evidences a laudable purpose on the part of the court. We are clear that this instruction, standing alone, could not have had the effect for which appellant contends. However, if we had any question as to its possible harmful effect, if standing alone, it would be removed when we note instruction No. 7, given by the court on its own motion, by which the jury was informed, among other things, that, if it found for appellant, it should take into consideration, in estimating his damages, the nature and extent of *his injuries,* whether they were permanent or temporary only, any mental or physical pain he may have suffered, and give to him such an amount in damages, as would, under all the evidence on that subject, compensate him for *the injuries* received. Evidently the court did not err in giving said instruction.

Error is predicated on an alleged assumption of a fact, in giving instruction No. 9 at the request of appellee. As the evidence is not in the record, we 8. must assume that the court was warranted in making the assumption of which complaint is made. *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind.

314, 123 N. E. 409.   This is in harmony with the rule, that where the evidence is not in the record, an instruction, which is correct under any supposable state of facts, provable under the issues, will not be held erroneous. *Sherman* v. *Indianapolis Traction, etc., Co.* (1911), 48 Ind. App. 623, 96 N. E. 478; *Schuster* v. *State* (1912), 178 Ind. 320, 99 N. E. 422.

Error is also predicated on the action of the court in refusing to give instruction No. 7 requested by him. This instruction recites a number of facts relating to appellant's physical condition, which the jury might take into consideration in assessing his damages if they found he was entitled to recover, and that such facts had been proved by a fair preponderance of the evidence.   Unless there was evidence tending to prove such facts, appellant was not entitled to have said instruction given, and its refusal would not constitute reversible error.   As the record does not inform us as to the scope of the evidence relating to appellant's injuries, there is a failure to show reversible error in refusing said instruction.   Moreover, instruction No. 7, given by the court on its own motion, in general terms, informed the jury as to the elements which it might consider in assessing appellant's damages, in case it found in his favor, which is all that appellant could rightfully ask, under the state of the record.

Complaint is made of the action of the court in giving, and refusing to give, certain other instructions, but, as they relate to issues found in his favor, and not to the amount of his damages, any error in the court's ruling with reference thereto was harmless. *Tucker* v. *Roach* (1894), 139 Ind. 275, 38 N. E. 822; *Pennsylvania Co.* v. *Reesor* (1915), 60 Ind. App. 636, 109 N. E. 983.   He also discusses a constitutional question, but it suffices to say in this regard, that the Supreme Court has expressly held that no such question is

involved in this appeal. *Shaw* v. *Union Trust Co.* (1922), 192 Ind. 410, 136 N. E. 571.

Failing to find any reversible error in overruling appellant's motion for a new trial, the judgment is affirmed.