## BIGHAM *v.* NATIONAL BROOKVILLE BANK, ADMINISTRATOR.

[No. 13,095. Filed April 19, 1928.]

*M. P. Hubbard* and *Wiles, Springer & Root,* for appellant.

*Raymond McCarty, V. J. McCarty* and *O. S. Boling,* for appellee.

McMAHAN, J.—Action by appellee against appellant for damages. A trial by jury resulted in a verdict and judgment for appellee.

The only proper specifications in the assignment of errors are that the court erred in overruling appellant's motion to strike out part of the complaint, and in overruling his motion for a new trial.

It is not reversible error to overrule a motion to strike out part of a pleading. *Guenther* v. *Jackson* (1920), 73 Ind. App. 162, 126 N. E. 873; *Eagle Lake Ice Co.* v. *Munson* (1920), 73 Ind. App. 496, 127 N. E. 839.

The contention that the court erred in overruling the motion for a new trial requires a consideration of the evidence. Appellee insists the evidence is not in the record and that consequently no question is presented relating to the overruling of this motion. The record discloses that the jury returned its verdict May 21, 1926. Appellant filed his motion for a new trial June 19, 1926. This motion was overruled March 19, 1927, that being the last day of the February, 1927, term of court. Appellant excepted to that ruling and ninety days was given in which to file all bills of exceptions. Judgment was not rendered until the first

day of the next term of court, when another ninety days was given in which to file all bills of exceptions. The bill of exceptions containing the evidence was filed June 21, 1927, and the bill containing the instructions was filed June 28, 1927. Both bills of exceptions were filed more than ninety days after the overruling of the motion for a new trial, and at a subsequent term of court. It is well settled that a grant of time to a day beyond the term in which to present a bill of exceptions containing the evidence, in order to be effective, must be made at the time the motion for a new trial is overruled, and that such grant made on a subsequent day, is without authority and void. *Shaw* v. *Union Trust Co.* (1923), 79 Ind. App. 277, 137 N. E. 895, and authorities there cited. It is important to keep in mind that a grant of time made when the judgment is rendered is of no avail, unless the motion for a new trial is overruled at that time. The record in the instant case shows that, at the time the motion for a new trial was overruled, appellant was given ninety days in which to file all bills of exceptions; that no re-extension of time was granted; and that the bill of exceptions containing the evidence and the bill containing the instructions were not tendered to the trial judge until more than ninety days after the motion for a new trial had been overruled, and at a subsequent term of court. The last order giving time was without force. The evidence is not in the record. §685 Burns 1926. For like reason, the instructions are not in the record.

Judgment affirmed.