## Chicago and Eastern Illinois Railway Company v. Wells.

[No. 13,075.   Filed July 19, 1928.]

*Frank H. Hatfield, William C. Welborn* and *Louis L. Roberts,* for appellant.

*Benjamin F. Zieg,* for appellee.

McMAHAN, J.—Appellee recovered a judgment against appellant for damages on account of personal injuries alleged to have been sustained by reason of appellant's negligence.

The errors relied on for reversal require a consideration of the evidence, which appellee insists is not in the record. Appellant's motion for a new trial was overruled May 11, 1927. Appellant excepted to this ruling at the time, but did not ask for and was not at that time given time beyond the term within which to file a bill of exceptions. On the next day, May 12, appellant prayed an appeal to this court and eighty days was then given within which to file a bill of exceptions. The bill was presented to the judge for his approval and was signed by him and filed within the time allowed but not until the next term of court.

This court and the Supreme Court have uniformly held that, when a bill of exceptions containing the evidence is not filed at the term of court at which the motion for a new trial is overruled, the record must show that, at the time the motion is overruled, an exception was then taken and that time beyond the term for presenting the bill of exceptions to the judge for his approval was at that time granted. The record shows that time beyond the term for presenting bill of exceptions was not given until a day subsequent to the day on which the motion for a new trial was overruled. This was too late. It follows that the evidence is not in the record. See *Shaw* v. *Union Trust Co.* (1923), 79 Ind. App. 277, 137 N. E. 895; *Bigham* v. *National Brookville Bank, Admr.* (1928), *ante* 371, 161 N. E. 567.

Appellant contends that since this is a term-time appeal, the rule announced in the cases just cited is not controlling. We hold otherwise. The statute relating to the taking of exceptions and the time when the same shall be reduced to writing applies to term-time appeals as well as to vacation appeals. Judgment affirmed.