ALSPAUGH *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY.

[No. 14,782. Filed February 23, 1934.]

*Mark D. Eagleton, Frank P. Aschemeyer,* and *Cleon W. Mount,* for appellant.

*William J. Stevenson, Joseph T. Markey,* and *Kemp, Kemp & Russell,* for appellee.

CURTIS, J.—It appears from the record: That on the 23rd day of February, 1931, the appellant was an employee of the appellee as a freight brakeman on its Peoria Division extending from Tipton, Indiana, to Peoria, Illinois, and running through the Town of Templeton, Benton County, Indiana, at which place the said appellant met with an injury by accident, causing bruises and abrasions about the head and shoulders and hands; that on said date and for a long time prior thereto and at the time of the commencement of the instant case the appellant was a bona fide resident of Tipton County, Indiana; that the appellee was at said time a corporation organized under the laws of Indiana and operating a line of railroad in some thirty-three counties therein and also was engaged in interstate commerce between the states of Indiana and Missouri and other states with an office and place of business in the City of St. Louis, Missouri; that on the 12th day of May, 1931, while he was still a resident of Indiana as aforesaid, the appellant filed a petition or complaint in the Circuit Court, City of St. Louis, Missouri, against the appellee for damages in the sum of thirty-five thousand dollars arising out of said accident, said cause of action being number 168472 series B. June Term 1931 of said Court; that thereafter on the 6th day of October, 1931, the appellee commenced the instant case in the Tipton Circuit Court of Indiana, seeking to restrain and enjoin said appellant from prosecuting or in any manner assisting, aiding, or engaging in the prosecution of said cause of action in said Missouri Court; that on the 24th day of June, 1932, the instant case was submitted to the court with the result that the issues were decided favorably to the appellee and the appellant perpetually enjoined from prosecuting said

cause of action in said Missouri Court or in any manner proceeding further therein; that the appellant seasonably filed his motion for a new trial which was overruled with an exception and this appeal prayed and perfected.

The appellant has assigned as error the ruling of the court on his demurrer to the appellee's complaint and error in overruling his motion for a new trial. We are unable to express any opinion as to the ruling on the demurrer for the reason that it is not presented. At no place in the appellant's brief is the demurrer or even its substance shown. If it were based upon the sufficiency of the complaint to state a cause of action it would present substantially the same question as presented by the motion for a new trial wherein it is contended that the finding of the court is not sustained by sufficient evidence and is contrary to law. The material allegations of the complaint are sustained by the evidence.

The complaint is somewhat lengthy, and we do not feel called upon to set it out, but it is sufficient to say that the issues tendered by the pleadings bring the case squarely within the rules of law announced by this court in the case of *Cleveland C. C. & St. L. Ry. Company* v. *Shelly* (1933), 96 Ind. App. 273, 170 N. E. 328. Indeed the facts of the two cases are almost legally identical. Similar questions of law to the ones presented in the instant case have been so recently decided by this court and also by the Supreme Court that we do not feel justified in elaborating upon them. See: *Cleveland C. C. & St. L. Ry. Company* v. *Shelly, supra; Kern et al.* v. *Cleveland C. C. & St. L. Ry. Co.* (1933), 204 Ind. 595, 185 N. E. 446; *The New York, Chicago & St. Louis Railroad Company* v. *L. V. Perdiue et al.* (1933), 97 Ind. App. 517, 187 N. E. 349.

The said cause of action brought by the appellant in the Missouri Court was under the provisions of the Federal Employer's Liability Act. That courts of equity in this state, under a proper showing, may enjoin its citizens over whom they have jurisdiction from prosecuting a cause of action in a foreign state, under the provisions of said act, where it is inequitable for them to do so, is now well established by the decisions to which reference is above made.

The motion for a new trial was correctly overruled and the judgment is affirmed.