MACKEY *v.* PACHTER, RECEIVER.

[No. 15,895. Filed May 10, 1938.]

*McGuire, Alexander & Graves,* for appellant.

*Ralph M. Pachter* and *Jesse W. Gammon,* for appellee.

WOOD, J.—Appellant appeals from a judgment awarding appellee possession of certain real estate in Lake County and damages for its unlawful detention.

The errors assigned for reversal are: first, sustaining of appellee's demurrer to appellant's plea in abatement; second, sustaining appellee's demurrer to appellant's second paragraph of answer; third, overruling appellant's motion for a new trial.

Appellant has failed to set out in his brief a copy or the substance of the plea in abatement or the second paragraph of answer. Neither does appellant set out a copy or the substance of the demurrer to the plea in abatement or to the second paragraph of answer. For failure of appellant to comply with Rule 21 of the rules of this court, effective November 15, 1933, no question is presented for our consideration by the first and second assignments of error. Among the many authorities sustaining this proposition, we cite *Pry* v. *Ramage* (1911), 176 Ind. 446, 96 N. E. 385; *Alspaugh* v. *N. Y., etc., Ry. Co.* (1933), 98 Ind. App. 280, 188 N. E. 869.

The third assignment of error would require an examination of the evidence. The appellee contends that the bill of exceptions containing the evidence is not before us. The record shows that appellant's motion for a new trial was overruled April 17, 1936, being the 5th judicial day of the April Term, 1936, of the Jasper Circuit Court, on which day the appellant was given sixty days to file a general bill of exceptions; that on the 6th day of October, 1936, being the 20th day

of the September Term, 1936, of the Jasper Circuit Court, the appellant presented his bill of exceptions containing the evidence to the judge of said court who, upon October 7, 1936, approved and signed said bill of exceptions and ordered it made a part of the record. It thus appears from the record that the bill of exceptions containing the evidence was not presented to the judge of the Jasper Circuit Court for his approval and signature until 172 days had elapsed from April 17, 1936, on which date the appellant was given sixty days in which to file said bill of exceptions. The record does not show that the appellant asked or obtained an extension of time beyond the original period of sixty days, in which to file the bill of exceptions, as provided by Sec. 2-3107 Burns 1933, Sec. 460 Baldwin's 1934. When time is given beyond the term in which to file a bill of exceptions containing the evidence, the record must show that such bill was presented to the judge for his approval and signature within such time as may have been allowed, otherwise such bill of exceptions is not in the record. *Cornell* v. *Hallett* (1894), 140 Ind. 634, 636, 40 N. E. 132; *Ayres* v. *Armstrong* (1895), 142 Ind. 263, 41 N. E. 522; *Bigham* v. *National Brookville Bank* (1927), 87 Ind. App. 371, 161 N. E. 567. "It follows, therefore, that what purports to be a bill of exceptions in the transcript is not properly a part of the record before us and cannot be considered here in the decision of the cause." *Cornell* v. *Hallett, supra.*

As there is no question before us for consideration, there can be no occasion for an oral argument. The request for an oral argument is therefore denied. Judgment affirmed.

Curtis, J., not participating.