ILLINOIS CENT. R. CO. *v.* MILES *et al.*

(*Nashville*, December Term, 1938.)

Opinion filed July 1, 1939.

W. G. CAVETT and H. S. BUCHANAN, both of Memphis, for appellant, Miles.

EVANS, EVANS & CRESON, of Memphis, for appellee, Illinois Central Railroad Company.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a decree overruling the demurrer to the original and amended bill the chancellor permitted an appeal.

The original bill was filed by the Illinois Central Railroad Company, a common carrier with lines traversing several States and having an office, depot, yards, etc., at Memphis, to enjoin a suit brought by Mrs. Jessie Miles, administratrix of the estate of her husband, Paul H. Miles, in a circuit court at Saint Louis, Missouri. It appeared from the allegations of the bill that the deceased was accidentally killed at Memphis while in the service of the complainant Railroad Company. That he was a resident of Tennessee and that his wife qualified as administratrix in the probate court at Memphis. It was averred that the complainant's lines did not enter the State of Missouri, "that all the agents and servants of complain-

ant who reside in Saint Louis, Missouri, are engaged in interstate commerce, and that complainant does no business into or out of Saint Louis, or into or out of the State of Missouri, except interstate commerce." It was further alleged that a defense of the suit brought by the administratrix as aforesaid would necessitate the transportation of many witnesses from Memphis to Saint Louis, that numbers of these witnesses were employees of complainant Railroad Company, that it could not compel the attendance of necessary witnesses at a trial in Saint Louis, and that the transportation of its employees to testify at Saint Louis would disrupt its service, and that a trial of this case at Saint Louis would put the complainant to great inconvenience and expense and would be an undue burden on interstate commerce.

An injunction was issued on this bill as prayed and served on the defendant administratrix. She seems to have ignored the bill, making no appearance thereto in the chancery court at Memphis. Shortly thereafter, however, she dismissed her suit at Saint Louis, resigned her appointment as administratrix by the probate court of Shelby County, and executed a power of attorney, under which another administrator was appointed for her husband's estate by a probate court in Saint Louis. The Missouri administrator thereupon brought suit in a circuit court at Saint Louis upon the same cause of action.

Thereupon the complainant Railroad Company filed an amended and supplemental bill, referring to and adopting the allegations of the original bill, stating things done in the matter since the filing of the original bill, as outlined above, and making two daughters of the deceased parties defendant. It appeared from an exhibit to the bill that the Missouri administrator had named

these two daughters, as well as the widow, as beneficiaries of the suit there. The prayer of the bill, to cut it short and state the substance, was for an injunction against the wife and daughters of the deceased to restrain them from aiding and abetting in the prosecution of the suit at Saint Louis brought by the Missouri administrator. An injunction was granted as prayed.

To the bill and supplemental bill the defendants first interposed a plea in abatement. The chancellor held this plea insufficient, to which action defendants excepted. Defendants then interposed a demurrer, which the chancellor overruled as heretofore stated. The plea in abatement and the demurrer are quite similar in their contents. The points thus made will be discussed separately hereafter. It is insisted for complainant that the plea in abatement was really a demurrer, and having been overruled, the chancellor improperly considered a second demurrer based upon the same grounds. We think, however, that the defendants intended to challenge the jurisdiction of the court below to entertain the bill as well as to challenge the equity and merit of the bill. Objections of each character, in this particular case, no doubt might have been made by demurrer. Nevertheless the defendants were entitled to challenge the jurisdiction by plea in abatement and to challenge the equity of the bill by demurrer. We think that the defendants were not precluded from filing both a plea in abatement and a demurrer by the circumstance that the matters relied on by them went both to the jurisdiction of the court and to the merits of the bill. The chancellor, having overruled the objection to his jurisdiction, was not precluded from considering the same matter as a defense to the merits.

The bill herein was fashioned after that filed in *Louis-*

*ville & N. R. Co.* v. *Ragan,* 172 Tenn., 593, 113 S. W. (2d), 743. In that case this court approved the decree of the chancellor granting an injunction in favor of that Railroad Company against the maintenance of a suit by its employee Ragan at Saint Louis based upon an accident that happened at Nashville. It appeared that Ragan lived in Nashville and that it would put the Railroad to great inconvenience and expense and impair its service to transport witnesses, all of whom lived in Nashville, to Saint Louis to try the case. This court justified the injunction granted on the ground that it was. an undue burden on interstate commerce and the conclusion reached was based on *Davis* v. *Farmers' Co-operative Co.,* 262 U. S., 312, 43 S. Ct., 556, 67 L. Ed., 996; *Atchison, T. & S. F. Ry. Co.* v. *Wells,* 265 U. S., 101, 44 S. Ct., 469, 68 L. Ed., 928, and *Michigan Central R. Co.* v. *Mix,* 278 U. S., 492, 49 S. Ct., 207, 73 L. Ed., 470.

The case before us differs from *Louisville & N. R. Co.* v. *Ragan* in this particular. The Missouri action there, as well as the Missouri action here, was brought under the Federal Employers' Liability Act, 45 U. S. C. A., section 51 *et seq.* In this case, however, section 56 of 45 U. S. C. A., providing for the venue for actions brought under the Federal Employers' Liability Act, is especially relied on. That section provides:

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."

Although an elaborate demurrer was filed in *Louisville & N. R. Co.* v. *Ragan,* there was no reference to section 56 either in brief or argument. The case was before this

court on appeal from a decree overruling a demurrer and was decided here as though the complainant Railroad Company was not doing business in Missouri when the action was commenced. Such being the plight of the record, the decision was supported by the authorities cited.

As the present case is presented, we are left in doubt as to whether the complainant here is doing business in Missouri within the contemplation of the Federal Employers' Liability Act.

In the case of *Davis* v. *Farmers' Co-operative Co., supra,* a suit was brought in Minnesota against a carrier whose lines did not reach that State. The carrier, however, had an agent in Minnesota, service upon whom was good as to the carrier under Minnesota law. It appeared that the carrier would be put to great inconvenience and expense by defending a suit in that State, and the maintenance of such a suit in Minnesota was held to be an undue burden on interstate commerce, and the courts of Minnesota without authority to entertain same. Among other things, the Supreme Court said (262 U. S., 312, 43 S. Ct., 558, 67 L. Ed., 996):

"But orderly effective administration of justice clearly does not require that a foreign carrier shall submit to a suit in a State in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owns nor operates a railroad, and in which the plaintiff does not reside."

In *Atchison, T. & S. F. Ry. Co.* v. *Wells, supra,* an effort was made to maintain a suit against an interstate carrier, without an agent in the particular State, by the seizure under garnishment of certain property of that carrier. The courts of this State were held to be without

jurisdiction for reasons similar to those which defeated jurisdiction in the *Davis Case*.

The *Davis Case* was not brought under the Federal Employers' Liability Act but in *Michigan Central R. Co. v. Mix, supra*, the suit was under that statute. It was a suit by the widow and administratrix of an employee of the Michigan Central R. Co., whose death resulted from an accident in Michigan where he at that time lived. The widow removed to Saint Louis after her husband's death and qualified as administratrix in Missouri. The Railroad Company had no lines in Missouri, only a soliciting agent, and service was had on him. Facts substantially identical to the facts in the *Davis Case* showing the hardship that would be entailed upon the Railroad Company by trying this case in Missouri were developed and the Missouri courts were held to be without jurisdiction for a like reason as in the *Davis Case*.

In *Denver & R. G. W. R. Co.* v. *Terte*, 284 U. S., 284, 52 S. Ct., 152, 76 L. Ed., 295, a suit was brought in Missouri against two railroad companies under the Federal Employers' Liability Act, 45 U. S. C. A., section 51 *et seq.*, for injuries said to have resulted from their joint negligence in Colorado. One of the railroad companies neither owned nor operated a line in Missouri. It did, however, own and use some property located there. It maintained one or more offices in the State and employed agents who solicited traffic. These agents engaged in transactions incident to the procurement, delivery and record of such traffic. It was not licensed to do business in Missouri. As to this Railroad Company, following the *Davis Case,* it was held that the suit was a serious burden upon interstate commerce and its maintenance would not be permitted in Missouri.

The other railroad company owned and operated lines in Missouri, was licensed to do business in that State, had offices and agents there, and these agents transacted the business ordinarily connected with the operation of a carrier by railroad. As to this Railroad Company the suit was held properly brought in the State of Missouri, or rather it was held that the Supreme Court of Missouri "committed no error of which we can take notice by refusing to prohibit further prosecution of the action against that Company."

In *Hoffman, Judge,* v. *Missouri ex rel. Foraker,* 274 U. S., 21, 47 S. Ct., 485, 71 L. Ed., 905, it was held that an action under the Federal Employers' Liability Act, 45 U. S. C. A., section 51 *et seq.,* for death by negligence might be maintained against a railroad in the State of its incorporation, where it owns part of its lines, operated intrastate as well as interstate commerce, in a county where it has an agent and usual place of business, though this be not in the State where the cause of action arose.

*St. Louis, B. & M. Ry.* v. *Taylor,* 266 U. S., 200, 45 S. Ct., 47, 69 L. Ed., 247, *International Milling Co.* v. *Columbia Co.,* 292 U. S., 511, 54 S. Ct., 797, 78 L. Ed., 1396, and *McKnett* v. *St. Louis & S. F. Ry. Co.,* 292 U. S., 230, 54 S. Ct., 690, 78 L. Ed., 1227, are relied on by the defendants. These cases, however, do not involve suits brought under the Federal Employers' Liability Act and throw no light upon the question as to whether the complainant herein is doing business in Missouri within the contemplation of that statute.

██ ██ What the complainant does and the nature of its operations and activities in the State of Missouri is left doubtful upon the pleadings before us. Sufficient facts do not appear to enable us to determine whether it

is doing business in the State of Missouri within the sense of the Federal statute. An effort is made by the defendants to have us take judicial notice of certain things which it is urged show that complainant is doing business in Missouri so as to make it amenable to the suit brought there by the administrator of the deceased. We think, however, such matters must be proven. The case is before us on the bills and the demurrer. We do not find sufficient facts stated in the bills to justify the conclusion that the complainant is doing business in Missouri within the meaning of the Federal Employers' Liability Act, nor do we find such facts in any of the exhibits to those pleadings. We cannot take judicial notice of decisions of the Supreme Court of Missouri on appeal, such decisions not having been proven in the court below (*Watkins* v. *Watkins*, 160 Tenn., 1, 22 S. W. (2d), 1), even if we could take judicial notice of facts said to be stated in those decisions.

For the reasons thus indicated, we are not willing to dispose of this case on demurrer but prefer an answer developing all facts as to the nature of the complainant's business in Missouri.

If it develops that complainant is doing business within the State of Missouri in the sense of the Federal Employers' Liability Act, we are hesitant to award the injunction herein sought, although we do not foreclose that question until all the facts are before us.

We find no decision of the Supreme Court of the United States ruling that a State court is without authority to enjoin a suit by one of its citizens in a foreign State, the facts justifying such relief, even though that suit be brought under the Federal Employers' Liability Act.

That Court denied a petition for *certiorari* in *Chesapeake & Ohio R. Co.* v. *Vigor*, 6 Cir., 90 F. (2d), 7; Id.,

302 U. S., 705, 58 S. Ct., 25, 82 L. Ed., 545. In that case the Federal District Court had declined to enjoin the prosecution of a suit under the Federal statute in a district foreign to that in which the accident happened. The Circuit Court of Appeals affirmed the District Judge. On the other hand, in *Ex parte Crandall*, 7 Cir., 53 F. (2d), 969; *Crandall* v. *Habbe*, 285 U. S., 540, 52 S. Ct., 312, 76 L. Ed., 933, the Court denied a petition for *certiorari* also. In the last named case *habeas corpus* proceedings had been brought in the Federal Court to free relator from contempt proceedings instituted in an Indiana court for violation of an injunction by that court against her prosecution of a suit under the Federal Employers' Liability Act in Missouri. The District Judge refused to interfere with the contempt proceedings and his action was affirmed in the Court of Appeals.

The Supreme Court may have considered that neither of these cases involved matters of sufficient importance to warrant its taking jurisdiction or other considerations may have influenced its denial of the writs of *certiorari*.

Decisions in the State courts as to the propriety of such injunctions are not in harmony. Injunctions have been issued in *Reed's Adm'x* v. *Illinois Central R. Co.*, 182 Ky., 455, 206 S. W., 794; *In re Spoo's Estate*, 191 Iowa, 1134, 183 N. W., 580; *Alspaugh* v. *New York, C. & St. L. R. Co.*, 98 Ind. App., 280, 188 N. E., 869; *Cleveland, C., C. & St. L. R. Co.* v. *Shelly*, 96 Ind. App., 273, 170 N. E., 328, and other Indiana cases cited and apparently approved in *State of Missouri ex rel. N. Y., C. & St. L. R. Co.* v. *Nortoni, Circuit Judge*, 331 Mo. 764, 55 S. W. (2d), 272, 85 A. L. R., 1345, and *Bryant* v. *Atlantic Coast Line R. Co.*, 2 Cir., 92 F. (2d), 569. Such injunctions have been refused in *Southern Pacific Co.* v. *Baum*, 39 N. M., 22,

38 P. (2d), 1106; *Lancaster, Receiver,* v. *Dunn, Admr.,* 153 La., 15, 95 So., 385, and such relief discountenanced in other cases where the precise question did not arise. See cases collected in Notes, 85 A. L. R., 1351, and 113 A. L. R., 1444.

■ With section 56, 45 U. S. C. A., out of the way, a suit like the one here sought to be enjoined in a foreign jurisdiction is oppressive, a burden on commerce, and justifies relief by injunction. When, however, section 56 is interposed and we are asked to relieve a carrier of a burden sanctioned by Congress, the question requires more consideration. This question is reversed.

The decree of the chancellor is modified, the demurrer is overruled with leave to defendants to rely upon the same in their answer. The injunction will be continued until the hearing below. Some other points made by counsel have been considered but do not seem to require discussion.

■ It might be added that inasmuch as the chancellor took no steps toward holding the defendants in contempt for disregard of his injunction, but on the contrary granted them an appeal, this court is not called upon of its own motion to proceed in that matter.