## HOFFMAN, JUDGE *v.* MISSOURI EX REL. FORAKER.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 225. Argued March 11, 1927.—Decided April 11, 1927.

An action under the Federal Employers Liability Act for death by negligence may be maintained against a railroad in the State of its incorporation, where it owns part of its line, operated in intrastate as well as interstate commerce, in a county where it has an agent and a usual place of business, though this be not the State where the cause of action arose. P. 22.

309 Mo. 625, affirmed.

ERROR to a judgment of the Supreme Court of Missouri, in mandamus, which directed the judge of an inferior court to set aside a judgment dismissing an action for damages, and to entertain jurisdiction over it.

*Mr. Roy W. Rucker,* with whom *Messrs. Edward J. White* and *James F. Green* were on the brief, for plaintiff in error.

*Messrs. L. D. Mitchell* and *Paul Barnett* were on the brief for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This is a writ of error to the Supreme Court of Missouri, which had granted, in an original proceeding, a peremptory writ of mandamus. 309 Mo. 625. Its judgment directed the judge of an inferior court to set aside a judgment dismissing an action and ordered him to entertain

jurisdiction. That action had been brought under the Federal Employers Liability Act by a citizen and resident of Kansas for the death of an employee of the Missouri Pacific Railroad. The accident occurred on its line in Kansas, and the deceased was a citizen of Kansas at the time of his death. The railroad is a Missouri corporation. The action was brought in a county traversed by the railroad, in which it had an office and an agent for the transaction of business. Under a statute of the State it was liable to suit there. 1919 Mo. Rev. Stat., § 1180.

The railroad contends that, as it could have been sued in Kansas where the accident occurred and the plaintiff resided, the statute, as applied, was void, under the doctrine of *Davis* v. *Farmers Cooperative Equity Co.,* 262 U. S. 312, and *Atchison, Topeka & Santa Fe Ry.* v. *Wells,* 265 U. S. 101, because a suit in Missouri would burden interstate commerce. In support of its contention, it was urged that the claims against the carrier for personal injuries are numerous; that the amounts demanded are large; that in many cases the carrier deems it advisable to leave the determination of liability to the courts; that in the action in question there were at least eleven employees working for it in Kansas who were material witnesses, without whose attendance it could not safely proceed to trial; that to procure their attendance at the trial in Missouri would cause absence from their work in interstate commerce; and that this would subject the carrier to expense.

These allegations remind of *Davis* v. *Farmers Coöperative Equity Co.* But other facts on which the decision of that case was rested are absent in the case at bar. Here, the railroad is not a foreign corporation; it is sued in the State of its incorporation. It is sued in a State in which it owns and operates a railroad. It is sued in a county in which it has an agent and a usual place of business. It is sued in a State in which it carries on doubtless intra-

state as well as interstate business. Even a foreign corporation is not immune from the ordinary processes of the courts of a State where its business is entirely interstate in character. *International Harvester Co.* v. *Kentucky,* 234 U. S. 579. It must submit, if there is jurisdiction, to the requirements of orderly, effective administration of justice, although thereby interstate commerce is incidentally burdened. Compare *Kane* v. *New Jersey,* 242 U. S. 160, 167; *St. Louis, Brownsville & Mexico Ry.* v. *Taylor,* 266 U. S. 200.

*Affirmed.*