STATE EX REL. THE NEW YORK, CHICAGO and ST. LOUIS RAILROAD COMPANY, a Corporation, Petitioner, v. ALBERT D. NORTONI, Judge of the Circuit Court, City of St. Louis, Division No. 2.—55 S. W. (2d) 272.

Court en Banc, December 16, 1932.

*Jones, Hocker, Sullivan & Gladney* and *Frank Y. Gladney* for petitioner.

FRANK, J.—Petitioner seeks our writ of prohibition directed to Honorable Albert D. Nortoni, Judge of the Circuit Court of the City of St. Louis, presiding in Division Number Two thereof, commanding (1) the suspension of the execution of a restraining order issued against petitioner in cause No. 6281 pending in said court, and (2) that no further action be taken in said cause. Our provisional rule was issued to which respondent made return. Petitioner submitted the case on printed briefs and oral argument. Respondent has not favored us with either brief or argument.

The pertinent facts are, in substance, as follows:

On January 11, 1930, James C. Meek was in the employ of the railroad company, petitioner herein, as a switchman on its lines through the State of Indiana. The railroad is incorporated under the laws of Indiana. For more than five years next preceding January, 1930, Meek and his wife, Lena C. Meek were citizens of Indiana, residing in the city of Frankfort. On January 11, 1930, while in the employ of the railroad as aforesaid, and while in the line of his duty, Meek received injuries in consequence of which he died. On March 3, 1930, his widow, Lena C. Meek, was appointed administratrix of his estate by the Circuit Court of Clinton County, Indiana. On March 14, 1930, she, as such administratrix brought suit against the railroad company in the Circuit Court of the City of St. Louis to recover damages for the alleged wrongful death of her husband. On April 15, 1930, the railroad company filed a bill in the Circuit Court of Clinton County, Indiana, asking an injunction against Lena C. Meek, administratrix, to restrain her from prosecuting said damage action in the Circuit Court of the City of St. Louis. That court issued a temporary restraining order and set the cause for final hearing on April 28, 1930. Said administratrix was duly notified of said final hearing but made default. On final hearing the Indiana Circuit Court rendered a decree permanently enjoining said administratrix from prosecuting said suit in the Circuit Court

of the City of St. Louis. No appeal was taken and that decree became final.

Notwithstanding the restraining order, said administrtrix proceeded to prosecute said cause in the Circuit Court of the City of St. Louis, and on March 18, 1932, obtained a verdict in her favor in the sum of $25,000. On March 26, 1932, the railroad company appeared in the Circuit Court of Clinton County, Indiana, and moved said court to issue a citation for contempt against said administratrix, which citation said court issued, returnable on April 4, 1932. On March 28, 1932, the Circuit Court of the City of St. Louis, Division No. 2, issued an order against the railroad company, enjoining said company, its agents, servants and attorneys from prosecuting the citation for contempt issued by the Indiana Circuit Court. On April 1, 1932, the railroad company petitioned this court for a writ of prohibition against the Circuit Court of the City of St. Louis, prohibiting it from entertaining jurisdiction of the proceedings to enjoin the railroad company from prosecuting the contempt proceedings in the Indiana Circuit Court. Our provisional rule was granted, to which respondent made return and the case is before us for final disposition.

It is settled law that, *in a proper case,* a court of equity having jurisdiction of the person may enjoin such person from prosecuting a suit in a foreign jurisdiction. By a "proper case" we mean that the party seeking such an injunction must make a clear showing that it would be inequitable, unfair and unjust to permit the prosecution of the suit in a foreign jurisdiction. 14 Ruling Case Law, page 411, section 112, states the rule thus:

"It is a doctrine, well recognized and universally conceded, that the courts of one country can exercise no jurisdiction or control over the courts of another country. Proceeding on this theory, the rule also prevailed at one time, that a court could not restrain a citizen within the jurisdiction from prosecuting a suit in a court of a foreign nation. Gradually, however, recognition was given to the distinction between endeavoring to control the action of a foreign court, by a mandate directed to it, and controlling the action of a resident, over whose person the court had undisputed jurisdiction, until, according to later decisions, unqualified approval is given to the doctrine that, in a proper case, if the court has jurisdiction of the person it may enjoin him from prosecuting such a suit. The courts in these cases proceed on the theory that the restraint operates on the person of the litigant who, as a resident within the jurisdiction of the court from which the mandate is issued, may be compelled to recognize and obey its laws and the decrees of its tribunals."

The same author, in Section 114 at page 413 states the principles underlying the rule, as follows:

''The jurisdiction rests on the authority vested in courts of equity over persons within the limits of their jurisdiction, to restrain them from doing inequitable acts to the wrong and injury of others and on the power of the state to compel its own citizens to respect its laws, even beyond its own territorial limits. The court proceeds on the theory that as long as a citizen belongs to a state, he owes it obedience; and, that as between states, the state in which he is domiciled has jurisdiction over his person, and his personal relations to other citizens of the state. In the exercise of this power there is no attempt to render the foreign tribunal subject to the control or direction of the local court or to, in any way, exercise a supervisory power over it. There is a clear distinction between an injunction against the proceedings of a court in another state, and the power and authority of such court and one to restrain the personal action of a citizen. In the first case the court has no jurisdiction, while in the other it proceeds *in personam* against the defendant, directing him to proceed no further in the action, without regard to the fact that the *res* of the controversy may be outside of the territorial jurisdiction of the court, for in such a case the court has the power to compel a party to do all the things necessary according to the *lex loci rei sitae* which he could do voluntarily to give full effect to the decree against him.''

Two questions are presented by the record in this case, (1) did the Circuit Court of Clinton County, Indiana, have jurisdiction to enjoin Lena C. Meek, administratrix of the estate of her deceased husband from prosecuting her suit against the railroad in the Circuit Court of the City of St. Louis to recover damages for the alleged wrongful death of her husband, and (2) if that court had such jurisdiction, did the Circuit Court of the City of St. Louis have jurisdiction to enjoin the railroad from further prosecuting the contempt proceedings in the Circuit Court of Clinton County, Indiana.

■■ The action brought by Lena C. Meek in the Circuit Court of the City of St. Louis was based on the Federal Employers' Liability Act. Section 6 of that act, as amended by Act, April 5, 1910. Section 1, provides that: ''Under this chapter an action may be brought in a district court of the United States, in the district of the residence of defendant, or in which the cause of action arose, or in which the defendant may be doing business at the time of commencing the action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several states. . . .'' Because of the provisions of this statute, it might be said that the railroad was doing business in the

city of St. Louis at the time Lena C. Meek, administratrix, brought her action there and for that reason she had a right to bring and maintain such action in the Circuit Court of the City of St. Louis. But we are bound by Federal decisions on this question which hold that the right given by this statute to bring an action in the courts of any district where the defendant is doing business at the time of commencing the action, is qualified by the jurisdiction of a court of equity to restrain the bringing of a suit in a foreign jurisdiction, provided the facts in the case warrant such action. Many decisions, both State and Federal so hold. In the recent case of Ex parte Crandall, 53 Fed. (2d) 969, the facts there in judgment are an exact counterpart of the facts in the case at bar. In that case it appears that an Indiana Court of Equity appointed Inez B. Crandall administratrix of the estate of her husband, who met his death while operating a locomotive engine for the Louisville & Nashville Railroad Company, which was a corporation organized under the laws of the State of Kentucky and engaged in intrastate and interstate commerce in the states of Indiana, Illinois, Kentucky, Tennessee, Missouri, and others. The administratrix brought an action in the Circuit Court of the City of St. Louis, Missouri, against the railroad company to recover damages for the alleged wrongful death of her husband. The petition alleged that at the time Crandall met his death, the railroad was engaged in interstate commerce. The railroad company petitioned the Indiana Court of Equity to enjoin said administratrix from further prosecuting the action which she had brought in the Circuit Court of the City of St. Louis, charging among other things that Crandall was at the time of his death, and for some years previous had been, a resident of Evansville, Indiana, that at the time said administratrix brought said action in the Circuit Court of the City of St. Louis, Missouri, she was a resident of Evansville, Indiana. The petition also alleged facts showing that the prosecution of the suit in Missouri would entail a heavy burden upon the railroad and upon commerce. The Indiana court enjoined said administratrix from further prosecution of the suit in the St. Louis Circuit Court. In violation of the injunction, she proceeded with the prosecution of her suit in the Missouri court, for which the Indiana court adjudged her in contempt and ordered her to pay ''the State of Indiana the sum of $500, and that she be committed to the Indiana Women's Prison for a period of three months, and that both fine and imprisonment shall be supended upon dismissal of the suit mentioned in the information filed.'' No appeal was taken from this order, and the sheriff imprisoned the petitioner. She thereupon secured a writ of *habeas corpus* from the Federal District Court. Upon final hearing that court upheld the action of the

Indiana court, discharged the writ, and remanded the prisoner to the custody of the Sheriff of Vanderberg County, Indiana. [Ex parte Crandall, 52 Fed. (2d) 650.] On appeal to the Circuit Court of Appeals, that court affirmed the judgment of the District Court. [Ex parte Crandall, 53 Fed. (2d) 969.] On application to the Supreme Court of the United States for *certiorari,* that court denied the writ on February 23, 1932. [Crandall v. Habbe, 285 U. S. 540, 52 Sup. Ct. 312, 76 L. Ed. 933.]

█ Concerning the right of Indiana citizens to begin actions under the Federal Employers' Liability Act in a foreign jurisdiction, the court in Ex parte Crandall, 53 Fed. (2d) 969, 971, said:

"The general right of Indiana citizens to begin actions of this nature, wherever service of process on the defendant could be had, was always potentially qualified by the jurisdiction of equity to restrain the citizen from commencing the action in a foreign jurisdiction where to do so would unreasonably, inequitably, and unfairly harass, oppress, or defraud the defendant. The Federal Employers' Liability Act does not assume to remove this qualification, and in our judgment does not exempt the citizen from invocation against him of this equitable jurisdiction under facts which would in general justify its application."

The facts involved in the case brought by Lena C. Meek, administratrix, against petitioner in the Circuit Court of the City of St. Louis, bring that case squarely within the rule announced in Ex parte Crandall, supra. We therefore hold that the Indiana Circuit Court had jurisdiction to entertain a proceeding to enjoin said administratrix from prosecuting that suit in the St. Louis Circuit Court. Having jurisdiction to entertain the injunction proceedings, whether or not the equities of the case warranted the granting of the injunction was a question for the Indiana court to determine, and the courts of other jurisdictions are powerless to question the wisdom or validity of its decree in that behalf.

█ The final question is whether or not the Circuit Court of the City of St. Louis had jurisdiction to enjoin the railroad company from prosecuting the citation for contempt in the Circuit Court of Clinton County, Indiana. If not, our provisional rule in prohibition should be made absolute.

The Indiana court had jurisdiction to enjoin Lena C. Meek, administratrix from prosecuting her suit in the St. Louis Circuit Court, and to adjudge her in contempt for proceeding with the prosecution of that suit in violation of the injunction. If, as we have held, the decree of the Indiana court enjoining the prosecution of the suit in the St. Louis Circuit Court, was a valid decree, the railroad company, being an interested party, was entitled to institute

any lawful proceeding looking to the enforcement of that decree. "As a general rule proceedings for contempt to enforce a civil remedy and to protect the rights of parties litigant should be instituted by the aggrieved parties, or those who succeed to their rights, or some one who has a pecuniary interest in the right to be protected." [13 C. J. p. 59, sec. 82.] The contempt proceedings were instituted by the railroad company. When these proceedings were instituted, the jurisdiction of the court, as well as the right of the railroad company to prosecute the proceedings to a termination, at once attached. It is familiar law that where the jurisdiction of a court, and the right of a party to prosecute the proceedings therein, have once attached, that right cannot be arrested or taken away by proceedings in another court. [Stevens v. Central National Bank of Boston, 169 U. S. 432, 39 N. E. 68.] For this reason the St. Louis Circuit Court did not have jurisdiction to enjoin the railroad company from prosecuting the contempt proceedings in the Indiana court.

The provisional rule heretofore issued should be made absolute. It is so ordered. All concur.