# INTERNATIONAL MILLING COMPANY v. COLUMBIA TRANSPORTATION COMPANY.[1]

September 1, 1933.

No. 29,466.

*Mitchell, Gillette, Nye & Harries,* for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondent.

*STONE, Justice.*

Plaintiff appeals from an order vacating service of the summons and a simultaneous levy under writ of attachment.

Plaintiff is a Delaware corporation, with its principal office in Minneapolis, Minnesota. Defendant also is a Delaware corporation, with its principal office at Cleveland, Ohio. As a private

[1]Reported in 250 N. W. 186.

Certiorari granted by United States Supreme Court December 11, 1933. 290 U. S. —, 54 S. Ct. 228, 78 L. ed. 251.

carrier, it operates a line of freight ships on the Great Lakes, almost wholly in interstate traffic. The gist of plaintiff's alleged cause of action is that about January 1, 1930, at South Chicago, Illinois, defendant stored for it in one of its ships, the *W. C. Richardson*, a large cargo of wheat; that the grain was kept in storage until May, 1930, and then transported by defendant to Buffalo, New York; that it was in good order when delivered aboard the *Richardson*, but that during the course of storage at South Chicago and transportation thence to Buffalo it was damaged, through the negligence of defendant, in the sum of nearly $20,000.

Defendant has no office or agent and does no business in or local to Minnesota. Occasionally it discharges interstate cargoes at Duluth. Jurisdiction of it was attempted to be gained as follows: July 1, 1932, one of defendant's ships, the *C. Russell Hubbard*, entered the Duluth-Superior harbor from Lake Superior through the Wisconsin entrance and docked at Allouez, Wisconsin, for the purpose of discharging there a cargo of coal. During that operation a deputy sheriff of St. Louis county boarded the vessel and served upon the ship's master, Captain Gentz, as agent of defendant, the summons in this action, at the same time levying upon the ship under writ of attachment.

On motion of defendant, both service of the summons and levy were vacated upon the ground, not that the service of summons and attachment in the manner indicated were, but that the prosecution and trial of the action in St. Louis county would be, a violation of the commerce clause of the federal constitution, under the rule of Davis v. Farmers Co-op. Equity Co. 262 U. S. 312, 43 S. Ct. 556, 67 L. ed. 996.

The propriety of the order upon the ground stated is the only thing for our consideration. We affirm, for in our judgment it comes squarely within the theory of the controlling decisions of the Supreme Court of the United States. In the Davis case, 262 U. S. 312, 313, 43 S. Ct. 556, 67 L. ed. 996, a statute of Minnesota (L. 1913, p. 274, c. 218, G. S. 1913, § 7735), authorizing service of summons upon a foreign corporation by service upon any agent in this state

"for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state," was held unconstitutional in application to a foreign railroad company having no trackage in the state. Referring to the fact that the jurisdiction thus sought to be acquired was "not limited to suits arising out of business transacted within Minnesota" but was asserted by the statute "whatever the nature of the cause of action, wherever it may have arisen, and although the plaintiff is not, and never has been, a resident of the state," the court [262 U. S. 315] held that the resulting burden imposed upon interstate commerce was so serious and unreasonable that the statute was obnoxious to the commerce clause. The unlawful burden so imposed was found in the subjection of interstate carriers to litigation in states and jurisdictions far remote from that in which the cause of action arose, thereby causing absence of employes from their customary occupations and so impairing efficiency and economy of operation. That was considered offensive to "orderly, effective administration of justice," which was the "paramount" desideratum.

The record does not show that plaintiff will be unduly hampered by trying this action in Illinois or Ohio or New York, in one or more of which the cause of action arose and the underlying contract was made and more or less performed. The record does show (at least it was an issue of fact, decided for defendant below, the decision being controlling upon us) that defendant would be greatly harassed by having to defend the action in Minnesota. Aside from the fact that it never does or solicits business here, other than discharging interstate cargoes at Duluth, all or nearly all of its officers are in Cleveland, Ohio. None of them are in this state. The record indicates, and it was so taken below, that numerous witnesses with knowledge of the facts would be needed by defendant. Doubtless many of the same witnesses will be wanted by plaintiff. But all of them reside at or east of Chicago, except that one or more members of the crew of the *Richardson* are said to reside at Milwaukee, Wisconsin. Taking the issue of fact presented by the affidavits, for and against the motion, as decided by the trial court,

we are wholly unable to see why the further prosecution of this cause in Minnesota would not burden interstate commerce as much and in the same manner, and generally to the same extent, as the statute invalidated by the Davis case.

We do not forget that plaintiff has a corporate residence in Minnesota, or that, although a foreign corporation, its principal office is here. That circumstance tends to reduce its unreasonableness, but it does not at all lessen the burden to interstate commerce which would result from the prosecution of this action in Minnesota. The Davis case is not the last word on the subject. The same result was reached, and for the same reasons, in A. T. & S. F. Ry. Co. v. Wells, 265 U. S. 101, 44 S. Ct. 469, 68 L. ed. 928; Michigan Cent. R. Co. v. Mix, 278 U. S. 492, 49 S. Ct. 207, 209, 73 L. ed. 470; D. & R. G. W. R. Co. v. Terte, 284 U. S. 284, 52 S. Ct. 152, 153, 76 L. ed. 295. The Terte case was one in prohibition, commenced in the supreme court of Missouri, to prevent the prosecution in the courts of that state of an action by one Curtis, "then residing in Missouri." As against one of the defendants in that action (the Atcheson, Topeka & Santa Fe Railway Company) it was held that prohibition was properly denied because it had trackage and was doing a substantial business in Missouri. But the other defendant (the Denver & Rio Grande Western Railroad Company) was held entitled to prohibition against proceedings in the state court because it "neither owns nor operates any line in Missouri," although employing local agents there for soliciting traffic. It was as much, but no more, out of Missouri in a physical sense and for all business purposes as the defendant in the instant case is out of Minnesota. The prosecution of the Curtis case against the Rio Grande in Missouri would have been no more of a burden upon interstate commerce than would be the prosecution of this one in Minnesota. Curtis, as far as the opinion discloses, was a bona fide resident of Missouri, although the accident for which he sought damages had occurred in Colorado. So, the cause of action having accrued in another state, the single fact of the plaintiff's residence in the state of the forum was held insufficient to make the resulting burden on

interstate commerce of the suit in Missouri sufficiently reasonable to avoid the interdiction of the commerce clause. We think that case controlling here as against the argument for plaintiff that its corporate residence in Minnesota is sufficient for us to remove the case from the doctrine of the decision in Davis v. Farmers Co-op. Equity Co. 262 U. S. 312, 43 S. Ct. 556, 67 L. ed. 996.

There is nothing in Missouri ex rel. St. L. B. & M. Ry. Co. v. Taylor, 266 U. S. 200, 45 S. Ct. 47, 48, 69 L. ed. 247, 42 A. L. R. 1232, or Hoffman v. Missouri ex rel. Foraker, 274 U. S. 21, 47 S. Ct. 485, 71 L. ed. 905, to enable us to sustain jurisdiction. The Taylor case was on claims for damage to freight. That the plaintiff was a resident of Missouri, where the action against which prohibition was sought was commenced, was but one, and not the main, circumstance distinguishing the situation from that now present. The decision [266 U. S. 207] emphasized that "the shipment out of which the cause of action arose was of goods deliverable in Missouri; and, for aught that appears, the negligence complained of occurred within Missouri." In the Hoffman case [274 U. S. 22] prohibition against the further prosecution in Missouri of a personal injury action was held properly denied because the case was brought not only "in a county traversed by the railroad, in which it had an office and an agent for the transaction of business," but also because the defendant "railroad is a Missouri corporation." The Davis case was distinguished, not because of anything concerning the plaintiff, who was a resident of Kansas, but because of the status, in respect to the suit, of the defendant. The defendant railroad, the court said [274 U. S. 22], "is not a foreign corporation; it is sued in the state of its incorporation. It is sued in a state in which it owns and operates a railroad. It is sued in a county in which it has an agent and a usual place of business. It is sued in a state in which it carries on doubtless intrastate as well as interstate business."

That residence of a plaintiff is not of controlling importance is emphasized, implicitly but significantly, in the Mix case, 278 U. S. 492, 49 S. Ct. 207, 73 L. ed. 470, where it was held that a Michigan railroad corporation could not be sued in Missouri by the widow

of one of its former employes killed in its service in Michigan, although the widow had become in the meantime a resident of Missouri. We do not attach importance one way or the other to a residence acquired under such circumstances. The significant thing is that the Taylor and Hoffman cases were distinguished not at all upon the ground of residence or nonresidence of the plaintiff. The former was commented upon as one where [278 U. S. 495] "it appeared that the shipment out of which the cause of action arose was of goods deliverable in Missouri"; and also "that the negligent acts complained of may have occurred within the state." The Hoffman case was referred to as one where the defendant railroad "was organized under the laws of the state, and operated a part of its line in the county in which the action was brought." That last comment sufficiently distinguishes our own case of Boright v. C. R. I. & P. Ry. Co. 180 Minn. 52, 230 N. W. 457. There we held that in a suit by a nonresident jurisdiction was properly retained of a foreign railroad company which, although interstate in character, owned and operated 280 miles of trackage in this state.

Because, under the controlling decisions above mentioned, the further prosecution of this action would result in a serious and unreasonable burden upon interstate commerce, and because plaintiff's corporate residence here as a domiciled foreign corporation is not sufficient to make the burden so imposed a reasonable one, the order appealed from must be and is affirmed.

OLSEN, Justice (dissenting).

I dissent on the ground that by the attachment of property within this state jurisdiction to the extent of such property was acquired; and where a foreign corporation brings its property here and jurisdiction is acquired over it, the interference, if any, with interstate commerce is but incidental and in fact invited by the defendant. Rosenblet v. Pere Marquette Ry. Co. 162 Minn. 55, 202 N. W. 56.

LORING, Justice (dissenting).

A foreign corporation is not immune from the orderly processes of state courts although its business is wholly interstate in char-

acter. The requirements of justice are paramount, unless submission thereto in the state where jurisdiction is sought imposes an unreasonable obstruction or undue burden upon interstate commerce. Davis v. Farmers Co-op. Equity Co. 262 U. S. 312, 43 S. Ct. 556, 67 L. ed. 996.

The sole question here presented appears to be whether or not the suit begun by levy upon defendant's ship upon a cause of action arising in another state is an unreasonable burden upon interstate commerce and consequently a violation of the commerce clause of the federal constitution.

The case of Davis v. Farmers Co-op. Equity Co. 262 U. S. 312, 43 S. Ct. 556, 67 L. ed. 996, was the first to establish the doctrine that an unreasonable burden in violation of the commerce clause might be placed on interstate commerce by subjecting a carrier to legal process in a state where it did not operate. While conceding that a foreign corporation engaged exclusively in interstate commerce was not immune from the orderly process of state courts, it held that the commerce clause of the federal constitution protected the foreign carrier from suit (a) in a state where the cause of action did not arise, *and* (b) in which the transaction giving rise to it was not entered upon, *and* (c) in which the carrier neither owned nor operated a railroad, *and* (d) in which the plaintiff did not reside. A. T. & S. F. Ry. Co. v. Wells, 265 U. S. 101, 44 S. Ct. 469, 68 L. ed. 928, followed the Davis case on similar facts.

Which of the various objections made to the Minnesota statute in the Davis case is of controlling importance, or must all concur in order to constitute the objectionable burden? The necessity for taking witnesses from the state where the cause arose to the state where jurisdiction is sought is not controlling, for in Hoffman v. Missouri ex rel. Foraker, 274 U. S. 21, 47 S. Ct. 485, 71 L. ed. 905, witnesses were to be taken from Kansas to Missouri and, as against the Santa Fe in D. & R. G. W. R. Co. v. Terte, 284 U. S. 284, 52 S. Ct. 152, 76 L. ed. 295, they were required to be taken from Colorado to Missouri. The fact alone that the cause of action arose in a foreign jurisdiction was not controlling in either of those cases.

They were both imported. Neither did the transaction out of which the cause arose in either case take place in the state where suit was brought. The residence of the plaintiff was not sufficient to lift the burden in Michigan Cent. R. Co. v. Mix, 278 U. S. 492, 49 S. Ct. 207, 73 L. ed. 470, or in D. & R. G. W. R. Co. v. Terte, 284 U. S. 284, 52 S. Ct. 152, 76 L. ed. 295, nor was his nonresidence sufficient to impose it in the Hoffman case, 274 U. S. 21, 47 S. Ct. 485, 71 L. ed. 905. In the case at bar it is my understanding that the plaintiff, though a foreign corporation, has its principal place of business here. Such was the case in Missouri ex rel. St. L. B. & M. Ry. Co. v. Taylor, 266 U. S. 200, 45 S. Ct. 47, 69 L. ed. 247, 42 A. L. R. 1232, though probably not of controlling importance to the holding that the suit was not an unreasonable burden.

Of all the features suggested as objectionable in the Davis case, we have left as possibly of vital importance only the nonoperation or conduct of business in the state where jurisdiction is sought. I am the more impressed with the controlling importance of this element from a reading of D. & R. G. W. R. Co. v. Terte, 284 U. S. 284, 52 S. Ct. 152, 76 L. ed. 295.

In that case an employe at an interlocking track and signal plant, after acquiring a bona fide residence in Missouri, sued, in that state, the Rio Grande railroad and the Santa Fe, by both of which he had been employed, for injuries received in Colorado. The Santa Fe was a Kansas corporation licensed to operate its railroad in Missouri, whereas the Rio Grande operated no road in that state. Jurisdiction of the latter was sought by garnishment of traffic balances owed it by several railroad companies. It was held that a trial in Missouri would unreasonably burden interstate commerce as to the Rio Grande but not as to the Santa Fe. If the bringing of witnesses from Colorado were the controlling feature of the burden upon commerce, it was equally as burdensome for the Santa Fe as for the Rio Grande. Evidently we must look farther for the controlling distinction. The Santa Fe, although a foreign corporation, operated a railroad in Missouri. On the authority of Hoffman v. Missouri ex rel. Foraker, 274 U. S. 21, 47 S. Ct. 485, 486, 71 L. ed.

905, the court said the burden on the Santa Fe was not unreasonable. Hoffman was a resident of Kansas suing a Missouri railroad for injuries received on its line in Kansas. One of the controlling considerations moving the Supreme Court to hold the burden not unreasonable was the operation of the defendant's road in Missouri. True, it was a Missouri corporation; but the state of incorporation is not controlling, because in the Terte case the Santa Fe was a nonresident, though licensed in Missouri. If the taking of witnesses from one state to another were the controlling consideration, the residence of the defendant would make no difference.

If any logical deduction can be drawn from the various cases, it seems to be that the operation of a railroad within the state where jurisdiction is sought is the important and controlling consideration. As far as commerce is concerned, I cannot see the distinction between operating a railroad into a state, as did the Santa Fe in the Terte case, and operating a line of steamships into one of its ports, as in the case at bar. Fortunately for the steamship line, it does not have to own right of way and trackage, but it does operate its ships into state waters and there docks, unloads, and loads them. This it does with its own crews and employes, just as much under its control as if it were operating a railroad to convey the same goods and passengers. It brings its property into the state just as effectively and for the same purpose as does a railroad. That defendant, by confining its operations to interstate business, avoids the necessity of taking a license to do business in this state is not important. As said in the Hoffman case [274 U. S. 23]:

"Even a foreign corporation is not immune from the ordinary processes of the courts of a state where its business is entirely interstate in character. International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. ed. 1479. It must submit, if there is jurisdiction, to the requirements of orderly, effective administration of justice, although thereby interstate commerce is incidentally burdened."

I therefore concur with Mr. Justice Olsen that jurisdiction was acquired in the case at bar to the extent of the property attached,

516

and that interstate commerce is not thereby subjected to an unreasonable burden.

*WILSON, Chief Justice* (dissenting).
I concur in the dissents.