BOSTON AND MAINE RAILROAD *vs.* ALICE E. WHITEHEAD, administratrix.

Hampden.    September 19, 1940. — October 30, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Equity Jurisdiction*, To enjoin prosecution of proceeding in another State. *Jurisdiction*, Forum non conveniens.    *Interstate Commerce.*

In a suit to enjoin prosecution in another State of an action of which the courts of both that State and this Commonwealth had jurisdiction, a difference in procedure and the possibility of a larger verdict in the other State fell short of showing that a fair trial could not there be had and were not proper subjects for consideration.

Upon findings by a master, a suit by a railroad corporation operating in Rensselaer County in the State of New York and in the counties of Franklin and Hampden in this Commonwealth, to enjoin prosecution in Rensselaer County of an action of tort under the Federal employers' liability act for causing in the county of Franklin the death of the plaintiff's intestate who resided in the county of Hampden, as did the plaintiff, rightly was dismissed, no greater differential of convenience and expense being shown than often exists where a plaintiff has a choice of venue as between two counties in this Commonwealth, and only a slight burden upon interstate commerce appearing.

BILL IN EQUITY, filed in the Superior Court on March 17, 1939, and afterwards amended.

A final decree was entered by order of *Giles*, J., dismissing the bill.    The plaintiff appealed.

*R. W. Hall*, for the plaintiff.

*T. J. Collins*, for the defendant.

QUA, J.    The purpose of this bill is to restrain the defendant from prosecuting an action under the Federal employers' liability act brought by her in the Supreme Court in Rensselaer County in the State of New York to recover damages for the death of her intestate, who was killed while employed by the plaintiff as a brakeman.

The accident occurred at Deerfield in the county of Franklin in this Commonwealth.    The deceased was a resident of Springfield in the county of Hampden in this Com-

monwealth.  The defendant is his widow and is likewise a resident of Springfield.  She was appointed administratrix by the Probate Court at Springfield.  The plaintiff is incorporated under the laws of Massachusetts "and of other States" and operates its railroad in all three of the counties named.  The defendant could sue the plaintiff in the county of Franklin, in which event the trial would take place at Greenfield, which is about a mile and a half from the railroad yards at East Deerfield.  The defendant could also sue the plaintiff in the county of Hampden, in which event the trial would take place at Springfield, which is about thirty-three miles from Deerfield.  The action which has been brought in Rensselaer County will be tried at Troy, New York, which is about ninety-one miles from Deerfield.

Other pertinent findings by a master are these: The railroad corporation will require as witnesses for the defence of the action against it sixteen of its employees and possibly two more.  These include a train crew, a yard crew, a track crew, two civil engineers, an air brake inspector, a track supervisor, and a yardmaster.  All of these live in Greenfield or Springfield, except one who lives in Ayer, Massachusetts, one in Boston, Massachusetts, one in Concord, New Hampshire, and one in Troy, New York.  The work performed by these men can readily be performed by substitutes in their absence, except in the instances of the night yardmaster at East Deerfield, a yard foreman, a track supervisor and an engineer.  As to these four men the findings may be fairly summarized by saying that they perform important duties requiring special experience; that their absence will cause some inconvenience, and the work will not be done quite as well without them, but that there are others who can be called in to take charge; and that the work of the railroad will go on without these men in at least a reasonably satisfactory manner.  The run from Greenfield to Springfield averages just short of an hour, while that from Greenfield to Troy averages about two and one half hours.  If the trial takes place in Troy the witnesses will be absent from their work for at least two days, and it will be necessary to board and lodge them at a daily

cost of about $5 each. If the trial takes place in this Commonwealth, most of the cost of lodging will be saved, and the time of the witnesses' absence from their duties will be greatly reduced. In any event the trial will cause some interference with interstate commerce, but if it is held in Troy the interference will be greater only to the extent already indicated. By stipulation the parties submitted to the master various sections of the New York statutes from which it appears that an administrator appointed in another State may maintain an action for death in New York, and that a verdict need not be unanimous but may be rendered by five sixths of the jurors. The master finds that "bigger verdicts" are rendered in New York than in Massachusetts.

There is no doubt that where a sufficient equity is shown courts of this Commonwealth have the same power to enjoin persons subject to their control from prosecuting suits in other States that they have to enjoin them from prosecuting suits in this Commonwealth. *Dehon* v. *Foster*, 4 Allen, 545, 550. *Cunningham* v. *Butler*, 142 Mass. 47. *Carson* v. *Dunham*, 149 Mass. 52. *Columbian National Life Ins. Co.* v. *Cross*, 298 Mass. 47, 52. *Lydia E. Pinkham Medicine Co.* v. *Gove*, 298 Mass. 53, 66. *Cole* v. *Cunningham*, 133 U. S. 107. On the other hand, a party commonly is free to bring an action in any court having jurisdiction, and the question in this case is whether the plaintiff shows a sufficient equity to justify interference with the defendant's right of choice. *Carson* v. *Dunham*, 149 Mass. 52, 53.

It may well be that the defendant went to New York instead of bringing her action in a jurisdiction which would seem to be more convenient both for herself and the plaintiff merely because of the hope of a larger verdict. But this is not a fraud upon the plaintiff, nor does it indicate an intent merely to harass or annoy for the purpose of forcing a settlement. The difference in procedure and the possibility of a larger verdict in New York do not raise an equity in the plaintiff's favor. They fall far short of showing that a fair trial cannot be had in New York. These are not matters for our consideration. *Carson* v. *Dunham*, 149 Mass. 52, 56. *Illinois Life Ins. Co.* v. *Prentiss*, 277 Ill. 383.

No contention has been made that the plaintiff cannot procure the personal attendance of its witnesses at Troy or that it will be obliged to depend upon depositions only. No difficulty will arise over the proof of foreign law, as the substantive law governing the case is found in the Federal act and will be the same in whichever jurisdiction the case is tried. The plaintiff's claim of an equity in its favor is reduced to the contention that a trial in Troy will be somewhat less convenient and somewhat more expensive than a trial at Greenfield or at Springfield.

We do not say that a mere difference in convenience and expense may not in aggravated instances raise an equity to enjoin the prosecution of the action, but courts as a rule have shown much caution in so using their power as to deprive a litigant of his access to other courts having jurisdiction of his case. In this instance the differential in convenience and expense is no greater than must often exist between two counties in this Commonwealth in either one of which a plaintiff can bring an action under the venue provisions of G. L. (Ter. Ed.) c. 223, §§ 1, 6, 7, 8, 11. Hardships no greater than those permitted by our own statutes and commonly endured in actions brought here are slender ground for interference with a party who steps over the State line to bring her action. The attitude of the courts toward the enjoining of actions on the ground of inconvenience and expense of trial is shown by cases collected in the footnote.[1] In none of them was an injunction granted to prevent so little injury as is here shown.

The plaintiff further contends that the action in New

---

[1] *McWhorter* v. *Williams*, 228 Ala. 632. *Kern* v. *Cleveland, Cincinnati, Chicago & St. Louis Railway*, 204 Ind. 595. *McConnell* v. *Thomson*, 213 Ind. 16. *Jones* v. *Hughes*, 156 Iowa, 684. *Wabash Railroad* v. *Peterson*, 187 Iowa, 1331. *Payne* v. *Knapp*, 197 Iowa, 737. *Missouri-Kansas-Texas Railroad* v. *Ball*, 126 Kans. 745. *Reed's Administratrix* v. *Illinois Central Railroad*, 182 Ky. 455. *Missouri Pacific Railway* v. *Harden*, 158 La. 889. *Miller* v. *Gittings*, 85 Md. 601. *Pere Marquette Railway* v. *Slutz*, 268 Mich. 388. *Freick* v. *Hinkly*, 122 Minn. 24. *State* v. *Nortoni*, 331 Mo. 764. *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.* 4 Buch. 457, 473. *Southern Pacific Co.* v. *Baum*, 39 N. M. 22. *Carpenter, Baggott & Co.* v. *Hanes*, 162 N. C. 46. *New York, Chicago & St. Louis Railroad* v. *Matzinger*, 136 Ohio St. 271. *American Express Co.* v. *Fox*, 135 Tenn. 489. *Chicago, Milwaukee & St. Paul Railway* v. *McGinley*, 175 Wis. 565. *Chicago, Milwaukee & St. Paul Railway* v. *Schendel*, 292 Fed. 326. *Ex parte Crandall*, 52 Fed. (2d) 650. *Bryant* v. *Atlantic Coast Line Railroad*, 92 Fed. (2d) 569.

York will unreasonably burden interstate commerce. *Davis v. Farmers Co-operative Equity Co.* 262 U. S. 312. *Atchison, Topeka & Santa Fe Railway* v. *Wells,* 265 U. S. 101. *Michigan Central Railroad* v. *Mix,* 278 U. S. 492. *Denver & Rio Grande Western Railroad* v. *Terte,* 284 U. S. 284. What has already been said is largely applicable to this contention also. The burden upon interstate commerce seems to us too slight. Moreover, we cannot distinguish this case upon any substantial ground from *Hoffman* v. *Missouri,* 274 U. S. 21. In that case the person injured resided and the accident occurred in Kansas, and the railroad corporation could have been sued there, but the action was brought in Missouri, where it was incorporated and did business. It was held that the action could be maintained in spite of the burden upon interstate commerce of bringing witnesses from Kansas to Missouri. In the case at bar it does not appear whether New York is one of the "other States" in which the Boston and Maine Railroad is incorporated, but it does not appear that it is not, and it appears that the railroad corporation operates a line and regularly does business in Rensselaer County. The mere fact of non-incorporation in the State where the action is brought (if it is the fact) would not seem entitled to decisive weight upon the question of burdening interstate commerce, when a railroad line is being operated in that State. *International Milling Co.* v. *Columbia Transportation Co.* 292 U. S. 511, 519, 520. We discover no other ground of distinction between *Hoffman* v. *Missouri* and this case. See *Cressey* v. *Erie Railroad,* 278 Mass. 284, where the Federal cases are discussed.

We need not deal with the question whether the provisions of the Federal employers' liability act conferring jurisdiction upon State courts (U. S. C., 1934 ed., Title 45, § 56, as amended by act of August 11, 1939, 53 U. S. Sts. at Large, 1404) preclude the granting of an injunction against the prosecution of an action under the act in any State court.

*Decree affirmed with costs.*