Habt, J.
 

 The question presented in this case is: May a state court of equity restrain a railroad company’s employee, injured in the course of his employment in the state of his residence while engaged in interstate commerce, from prosecuting a cause of action for such injury against his employer under the Federal Employers’ Liability Act in a federal District Court of a foreign state, in which district the railroad company was doing business at the time the action was commenced, on the ground that such action thus instituted would cause the railroad company unnecessary inconvenience and expense in the trial of such action?
 

 The defendant’s demurrer admits all well-pleaded facts including allegations to the effect that defendant’s prosecution of his action against the railroad company in the District Court of New York, more than 700 miles from his residence and the place of his accident, will inconvenience and harass the railroad company and will subject it to unnecessary expense. We may, therefore, .assume that the equities shown by the petition favor the contention of the plaintiff, and it remains only to be determined whether the petition is otherwise sufficient to state a causé of action. De
 
 *412
 
 fendant Kepner predicates Ms demurrer to the petition on the provisions of Title 45, Section 56, IT. S. Code, which is in part as follows:
 

 “Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action.”
 

 The plaintiff claims- that notwithstanding the right of an employee under the statute to prosecute his claim for damages in a district in which the employer is doing business at the time of commencing such action, the state courts of the state of the employee’s residence have jurisdiction over him to control him in person and prevent him from invoMng the jurisdiction of such district court in a foreign state, if it is inequitable to the employer for him to do so. The plaintiff, to sustain its position, relies in large measure on the recent decision of this court in the case of
 
 New York, Chicago & St. Louis Rd. Co.
 
 v.
 
 Matzinger,
 
 136 Ohio St., 271, 25 N. E. (2d), 349, wherein this court affirmed a judgment of the Court of Appeals, holding that the plaintiff below could be enjoined from prosecuting in the state of Illinois her claim for damages for personal injuries suffered in an accident at the hands of the railroad company in this state, where to prosecute such an action would be unduly harassing or oppressive to the defendant. The jurisdictioh of the court of this state to make such an order under proper circumstances was approved on the ground that the person on whom the restraining order is made resides within the jurisdiction and is witMn the power of the court issuing it. In that case this court said: “The jurisdiction rests in the authority vested in courts of equity over persons * * * not in contravention of any right given by the Constitution or laws of the United States.”
 

 This court further pointed out that the question involved in the
 
 Matzinger cense,
 
 above referred to, was
 
 *413
 
 one of venue rather than jurisdiction; that jurisdiction connotes the power to hear and decide a case on the merits while venue connotes locality, the place where a suit should be heard; and that both jurisdiction and venue are prescribed by constitutional or statutory provisions. This court still fully adheres to the doctrine announced in that case when applied to a similar state of facts. However, this court is of opinion that the doctrine of the
 
 Mat singer case
 
 does not apply to the case at bar.
 

 In the
 
 Matsinger case,
 
 the plaintiff had no specially granted or inherent right to invoke the jurisdiction of the Illinois court except as she, herself, chose to go into the court of that state and on her own motion invoke its jurisdiction by filing her petition therein. There was no law in Ohio, the jurisdiction of her residence, which granted her that right. If there could have been and had been such a law, valid within the state of Ohio, it would seem apparent that no Ohio court could take that right away by injunction operating upon her person. •
 

 While in Ohio, certain actions may be brought only in the county in which the defendant resides or may be summoned (Section 11277, General Code), yet under Section 6308, General Code, actions for injury to person or property caused by the negligence of the owner or operator of a motor vehicle may be brought by the person injured against such owner or operator in the county wherein such injuries occur, even though either the plaintiff or defendant, or both, may reside in the most distant part of the state from the place of accident, and even though the prosecution of such action in the county where the injury occurred will result in great inconvenience and added expense to the defendant. This right to prosecute an action in the county where injuries occurred is one specially granted by statute. This court has held that the adoption of a similar statute, giving the party injured in an automo
 
 *414
 
 bile accident the right to bring his action in the county-in which he resides, was not only a constitutional exercise of legislative power
 
 (Allen
 
 v.
 
 Smith,
 
 84 Ohio St., 283, 93 N. E., 829, Ann. Cas. 1912C, 611) but that such statute, being remedial in character, must be liberally construed.
 
 Gorey
 
 v.
 
 Black,
 
 100 Ohio St., 73, 79, 125 N. E., 126. In the former case above cited, Judge Spear, speaking for the court (page 290), said:
 

 “Whether or not this power is always wisely exercised; whether it always brings perfectly fair results, and whether such legislation is entirely reasonable, it is not important for us to inquire: once the power to legislate on the subject and determine the venue of actions is found to exist in the General Assembly, the wisdom of its exercise is not a judicial question. ’ ’
 

 The federal statute now under consideration specifically grants to defendant Kepner a right to bring an action to recover for his injuries, as he did do, in the federal District Court where the plaintiff in this action is doing business. This statute being federal and nationwide in its application, operates in the place of his residence. It is not necessary for him to go into a foreign state, so far as jurisdiction is concerned, to invoke its operation in his case. It becomes a substantial part of his right of action.
 

 This right did not come by accident but by design, so far as the Congress of the United States is concerned. The history of the Federal Employers ’ Liability Act shows that it has been the intent of Congress to enlarge,, from time to time, the rights and privileges of the employee under this act. When first enacted in 1906 (34 Stats, at L., 232), the act did not contain any designation of the courts in which actions under it might be brought and did not attempt to establish any venue. The original act was declared unconstitutional
 
 (Employers’ Liability Cases,
 
 207 U. S., 463, 52 L. Ed., 297, 28 S. Ct., 141), but a similar act was again passed in 1908 (35 Stats, at L., 65). While both the
 
 *415
 
 original and the newer act provided that an employee should not he barred recovery because of his contributory negligence, but that damages should be diminished in proportion to the amount of his contributory negligence, the latter act provided that the employee injured or killed by accident and guilty of contributory negligence should not be held to be negligent, and did not assume the risk where the common carrier had violated the Safety Appliance Act. The statute of limitations was extended from one year to two years. Under the latter act, no provision was made as to jurisdiction or venue and the employee was obliged to bring his action in the state courts unless there was diversity of citizenship or some other fact which gave the federal courts jurisdiction under the Federal Code. Cases instituted in the state courts were then removable to the federal courts on the grounds provided in the Federal Code.
 

 However, when the statute was amended in 1910 (36 Stats, at L., 291), the act was still further liberalized in favor of the employee. For the first time the venue of actions under the act was specifically provided to the effect that an action “may be brought in the Circuit Courts of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action.” The jurisdiction of the courts of the United States under this amendment was made concurrent with that of the several states, and no case arising under the amended act brought in a state court could be removed to any court of the United States. In 1911, when the Circuit Courts were abolished, their jurisdiction was transferred to the District Courts of the United States. By an amendment of the act in 1939 (53 Stats, at L., 1404), a three-year limitation was provided.
 

 It is obvious that when Congress amended the act in 1910 and thereby provided that an employee plain
 
 *416
 
 tiff might bring his action in the district of the residence of a defendant, or in which the cause of action arose, or in which a defendant was doing business at the time of commencing such action, it gave him, and intended to give him, his free choice to bring his action in any one of the three possible locations mentioned in the statute, and gave him this right with full knowledge that it would permit him, under the permissive circumstances named in the statute, to bring his action in courts far distant from the place where his cause of action arose. Under these circumstances, should a state court interfere with the exercise of a right thus granted to the injured employee? The majority of this court thinks not.
 

 By the weight of authority, a state court may enjoin one of its residents from prosecuting a case, arising under the Federal Employers ’ Liability Act, in a state court of another state, but may not enjoin such resident from prosecuting an action under the Federal Employers’ Liability Act in the federal courts of another state, assuming that such federal court has jurisdiction under the act. The basis for this distinction lies in the fact that in the one case the court is enjoining a privilege which an employee cannot demand ; while in the other, the court is attempting to enjoin the exercise of a right which an employee is privileged, under the Federal Employers’ Liability Act, to enjoy.
 

 To illustrate, Congress may give permissive jurisdiction to the state courts to hear and decide cases arising under a federal act, but cannot compel a state court to accept such jurisdiction. That a state has the power to limit the exercise of such jurisdiction by its courts is demonstrated by the legislative enactment and judicial interpretation of Section 11273, General Code, which excludes from the jurisdiction of the state courts of Ohio all causes, including causes of action arising under the Federal Employers’ Liability Act
 
 *417
 
 against railroad companies for injuries occurring without the state of Ohio, unless the claimant is a resident of this state or unless the injury complained of resulted from the joint negligence of such railroad company and another defendant properly joined as defendants in an action properly brought against the latter defendant in a county of this state in which venue is authorized by such statute.
 
 Loftus
 
 v.
 
 Pennsylvania Rd. Co.,
 
 107 Ohio St., 352, 140 N. E., 94;
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Baillie,
 
 112 Ohio St., 567, 148 N. E., 233;
 
 Reeves
 
 v.
 
 Louisville & Nashville Rd. Co.,
 
 124 Ohio St., 657, 181 N. E., 885 (appeal dismissed by United States Supreme Court for want of a substantial federal question,
 
 Reeves
 
 v.
 
 Louisville & Nashville Rd. Co.,
 
 285 U. S., 524, 76 L. Ed., 922, 52 S. Ct., 314). By the same token, Congress cannot give a resident of Ohio an absolute right to prosecute in a state court of New York a cause of action arising in Ohio under a federal act; nor can the state court of New York be required to accept jurisdiction of a suit to enforce such cause of action.
 
 Robertson
 
 v.
 
 Baldwin,
 
 165 U. S., 275, 41 L. Ed., 715, 17 S. Ct., 326;
 
 Douglas
 
 v.
 
 New York, New Haven & Hartford Rd. Co.,
 
 279 U. S., 377, 387, 73 L. Ed., 747, 49 S. Ct., 355;
 
 Chambers
 
 v.
 
 Baltimore & Ohio Rd. Co., 207
 
 U. S., 142, 52 L. Ed., 143, 28 S. Ct., 134;
 
 Ex parte Crandall,
 
 52 F. (2d), 650, 654;
 
 Walton
 
 v.
 
 Pryor,
 
 276 Ill., 563, 115 N. E., 2, L. R. A. 1918E, 1914.
 

 When, therefore, an Ohio court enjoins a resident of the state from prosecuting his suit in the courts of another state, it is not restraining such citizen from the exercise of a right specially granted or interfering with the exercise of any duty oj- obligation on the part of such foreign state court to take jurisdiction of an action arising outside that state. When an Ohio court thus enjoins a resident of the state, it does not deprive him of a legal right which is effective in Ohio and assertable by him as a resident of Ohio. On the other hand, Congress has, under the Federal Em
 
 *418
 
 ployers’ Liability Act, conferred upon all citizens of the United States, including those of Ohio, the specific right to prosecute a cause of action under such act in a District Court of the United States in a district in which the employer may be doing business at the time of commencing such action, and has imposed upon such District Courts the duty of exercising such jurisdiction, when invoked. If, therefore, a court of the state of Ohio, as in this case, should enjoin an employee from prosecuting his action, arising in Ohio under the Federal Employers’ Liability Act, in the District Court of New York, within which an employer, corresponding to the plaintiff in this case, is doing business, the result would be to destroy a federal right of the employee and to obstruct the performance of a duty imposed by act of Congress upon the federal court of New York. The law does not warrant such interference.
 

 The distinction here pointed out is well illustrated by the holdings of the Supreme Court of Indiana. In the case of
 
 Kern
 
 v.
 
 Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.,
 
 204 Ind., 595, 185 N. E., 446, decided in 1938, the court held that a resident of Indiana was properly enjoined from bringing an action against a railway company under the Federal Employers’ Liability Act in a state court of Missouri when such action arose in Indiana, and when the trial in Missouri would be burdensome and expensive to the defendant and an interference with interstate commerce. Other authorities supporting this rule are:
 
 State, ex rel. New York, Chicago & St. Louis Rd. Co.,
 
 v.
 
 Nortoni, Judge,
 
 331 Mo., 764, 55 S. W. (2d), 272, 85 A. L. R., 1345, and annotation; Ree
 
 d’s Admx.
 
 v.
 
 Illinois Central Rd. Co.,
 
 182 Ky., 455, 206 S. W., 794;
 
 Chicago, Milwaukee & St. Paul Ry. Co.
 
 v.
 
 McGinley,
 
 175 Wis., 565, 185 N. W., 218.
 

 But in the case of
 
 McConnell
 
 v.
 
 Thomson,
 
 213 Ind., 16, 8 N. E. (2d), 986, decided in 1937, the Supreme Court of Indiana held that a state court cannot limit
 
 *419
 
 a United States citizen’s exercise of a right conferred by a valid act of Congress, since the state itself, in the exercise of full sovereign power, cannot limit or abridge such right; and that an Indiana court of equity, therefore, had no power to enjoin an Indiana resident from prosecuting an action in a federal court of the state of Missouri under the Federal Employers’ Liability Act, since such injunction would destroy the federal right of a litigant and obstruct the federal court in the performance of its duty.
 

 The doctrine of the last above-mentioned case seems to be supported by thé overwhelming weight of authority to the effect that the jurisdiction of the federal courts to determine causes arising uncler the Federal Employers’ Liability Act cannot be enjoined or interferred with by a state, or by state or other courts. 28 American Jurisprudence, 400, Section 217;
 
 Hoffman, Judge,
 
 v.
 
 Missouri, ex rel. Foraker,
 
 274 U. S., 21, 71 L. Ed., 905, 47 S. Ct., 485;
 
 Connelly
 
 v.
 
 Central Rd. Co. of New Jersey,
 
 238 F., 932, 933;
 
 Trapp
 
 v.
 
 Baltimore & Ohio Rd. Co.,
 
 283 F., 655;
 
 Chicago, M. & St. Paul Ry. Co.
 
 v.
 
 Schendel,
 
 292 F., 326, 329;
 
 Norris
 
 v.
 
 Illinois Rd. Co.,
 
 18 F. (2d), 584;
 
 Southern Ry. Co.
 
 v.
 
 Cochran, Judge
 
 (C. C. A. 6), 56 F. (2d), 1019;
 
 Woody. Delaware & Hudson Rd. Co.,
 
 63 F. (2d), 235;
 
 Chesapeake & Ohio Ry. Co. v. Vigor (C.
 
 C. A. 6), 90 F. (2d), 7.
 

 In the last case above cited, a suit originating in the District Court of the United States for the Southern District of Ohio, the court denied the railroad company an injunction to enjoin the administratrix of an employee of the railroad company who resided at Columbus, Ohio, and who was killed at Marion, Ohio, from prosecuting her action under the Federal Employers’ Liability Act in the United States District Court for the Northern District of Indiana at Hammond, Indiana, on the claimed ground that the prosecution of the suit in Indiana would give the plaintiff in that suit an unfair advantage and would cause the
 
 *420
 
 railroad company unreasonable hardship. The Circuit Court of Appeals for the Sixth Circuit, in affirming the judgment of the District Court, said:
 

 “Plaintiff was doing business in the Northern District of Indiana at the time the action in that court was filed, and there is no doubt of the right of the defendant under the statute to file her suit in that jurisdiction. * * * The plaintiff, it is true, may suffer some inconvenience or be put to extra expense in producing witnesses to testify in court in the Indiana ease, but it is to be presumed that Congress considered such probable inconvenience and expense in placing jurisdiction of the action in any district in which the defendant should be doing business at the time. We held in
 
 Southern Railway Company
 
 v.
 
 Cochran,
 
 56 P. (2d), 1019, that the filing of a suit in such a jurisdiction, even though it was inconvenient to the defendant, was not enough to justify a court of equity in enjoining its prosecution in the face of the statute giving the right to bring the action in that jurisdiction. This ruling is consonant with established authority, and it is controlling in the case at bar.” The United States Supreme Court denied
 
 certiorari
 
 in that case on October 11, 1937
 
 (C. & O. Ry. Co.
 
 v.
 
 Vigor,
 
 302 U. S., 705, 82 L. Ed., 545).
 

 The plaintiff in this case places great reliance upon the case of
 
 Bryant
 
 v.
 
 Atlantic Coast Line Rd. Co.,
 
 92 F. (2d), 569, as supporting its-contention, but this court does not view it as a controlling authority. In that case, the plaintiff, a resident of Virginia, employed by the defendant engaged in interstate commerce was injured in his employment in Virginia. He sued the defendant railroad company in the United States District Court for the Southern District of New York under the Federal Employers’ Liability Act. The defendant appeared specially and moved to dismiss the action on the ground that it was a burden upon interstate commerce to require defendant to try the cause in New York instead of Virginia, where plaintiff lived,
 
 *421
 
 the accident happened and the witnesses were available. The motion was denied and the defendant answered. Thereafter, the defendant railroad company filed a snit in equity in a state court of Virginia to enjoin the plaintiff from prosecuting his action in New York on the ground that it was oppressive and that the proper forum was in Virginia. The Virginia court enjoined the plaintiff from proceeding in the New York federal court. Thereupon, the plaintiff moved in the District Court in New York for an order enjoining the defendant from taking any steps to enforce the Virginia state court injunction or to prosecute the suit. The motion was denied and plaintiff appealed.
 

 The Circuit Court of Appeals did not put any stamp of approval upon the right of the state court of Virginia to enjoin the plaintiff from prosecuting his action in the federal court, but held that the District Court was right in not issuing a counter injunction against the defendant in prosecuting its injunction suit in Virginia ; that federal courts will enjoin state courts where a suit has been first begun in a federal court and it has assumed custody of a
 
 res,
 
 as in case of property in a bankruptcy estate, or other property in control of the federal court; and that a federal court may enjoin under circumstances where, unless the state suit is enjoined, the plaintiff in the federal suit will permanently lose a defense which cannot be set up in the state suit. Otherwise, federal courts will not interfere with the jurisdiction of state courts. The court then significantly suggested that the plaintiff in the federal suit, defendant in the Virginia suit, might seek relief in the latter case “by appeal to the Supreme Court of Virginia and by
 
 certiorari
 
 to the Supreme Court of the United States.” The court finally suggests that plaintiff’s motion for injunction to prevent the defendant from enforcing the Virginia decree “strove to supersede that suit by drawing the same issue before the federal court.” The court says: “Both contro
 
 *422
 
 versies were suits
 
 in personam
 
 which did not concern a
 
 res
 
 susceptible of custody. Both may therefore go along side by side. ’ ’
 

 It is interesting to note that the opinion in the last above-mentioned case was written by Judge Learned Hand, who joined with the other members of the same court in the decision by that court of the case of
 
 Wood
 
 v.
 
 Delaware & Hudson Rd. Co., supra.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Day, Zimmerman, Turner, Williams and Matthias, concur.
 

 Weygandt, C. J., dissents.